807 So.2d 814 (2002)
Edilbierto BARRIOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-686.
District Court of Appeal of Florida, Fourth District.
February 27, 2002.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Barrios was arrested for resisting a police officer without violence. Later at the jail after a custodial search, he was charged with possession of cocaine, possession of contraband, and introduction of contraband into a detention facility. He moved to suppress the evidence found in the search on the grounds that his arrest was improper. The trial court denied the motion; he was convicted; and now he timely appeals.
Barrios was the passenger in a lawfully stopped automobile whose driver was arrested. The arresting officer at first ordered Barrios to remain within the vehicle but then ordered him out of it when he decided to perform a search of it. He directed Barrios to stand at the rear passenger side of the vehicle near the other officer. Barrios had trouble maintaining his balance and appeared intoxicated. He then attempted to walk away from the scene but was summoned back by one of the officers. The officer directed him to stand along the side of the vehicle and place his hands on its roof.
Initially complying, Barrios apparently had difficulty standing in that position and removed his hands. The officer again directed him to stand with his hands placed on the roof of the vehicle. Once again he appeared to comply, but once again his hands came off. At the hearing on the motion to suppress, the officer testified *815 that until the moment he arrested him Barrios was free to leave, adding that he detained Barrios for the safety of Barrios in light of his apparently intoxicated condition. Eventually the officer described the following: "he pushed off and faced me with his hands clenched at his side." The officer interpreted this stance "as an offensive move." At that point, in spite of the fact that Barrios was free to leave, the officer arrested Barrios for resisting arrest and proceeded to perform the search in which contraband was discovered.
In Wilson v. State, 734 So.2d 1107, 1110 (Fla. 4th DCA 1999), which involves indistinguishable facts, we began with the proposition that an officer must have a founded suspicion of criminal activity in order to justify a temporary detention. We also noted in Wilson that an officer may order passengers of a lawfully stopped vehicle to exit while they perform police business concerning the vehicle and its operator. 734 So.2d at 1110; see also Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). We nonetheless held in Wilson that "a command preventing an innocent passenger from leaving the scene of a traffic stop to continue on his independent way is a greater intrusion upon personal liberty than an order simply directing a passenger out of the vehicle." 734 So.2d at 1112. We reasoned that even this limited restraint on the liberty of a "blameless passenger is ... an unreasonable interference" with the essential freedom of movement. Id. We therefore held that "[a] wholly innocent passenger should have the right to choose whether to continue on with his business or return to the vehicle and remain by his driver-companion's side." Id. Clearly the holding in Wilson applies to this case, which involves the identical facts and issue.
Because the officer in this case admitted that he lacked a reasonable suspicion to detain this passenger, he could resist the officer's command to stand by the auto so long as he did so without violence. There is no evidence of any violence; the resistance offered by Barrios was his purpose to depart for less stressful pastures. It follows that the conviction must be set aside and the evidence suppressed.
REVERSED.
WARNER and GROSS, JJ., concur.