922 So.2d 308 (2006)
F.J.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1625.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
James S. Purdy, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
*309 Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
F.J.R. (defendant) appeals his judgment and sentence which were entered by the trial court after he pled nolo contendre to the charges of possession of cocaine and resisting an officer without violence. The defendant argues that the trial court erred in denying his motion to suppress. We agree and, therefore, reverse.
A ruling on a motion to suppress comes to the appellate court as presumptively correct as to disputed facts and all reasonable inferences and deductions drawn from them; however, the trial court's application of the law to the facts is reviewed under the de novo standard. Murphy v. State, 898 So.2d 1031 (Fla. 5th DCA 2005).
Here, the defendant was a passenger in a car driven by Antoine. It is undisputed that Sheriff Deputy Williams conducted a valid traffic stop of Antoine's vehicle. Once the car was stopped, Antoine and the defendant exited the car and started walking away. Deputy Williams advised both of the individuals to stop, but they continued walking. Deputy Williams caught up with them and arrested the defendant for resisting an officer without violence. During a search of the defendant incident to his arrest, cocaine was found in the defendant's pocket. The defendant was subsequently charged with committing the crimes of possession of cocaine[1] and resisting an officer without violence.[2]
The defendant filed a motion to suppress all evidence obtained as a result of his arrest on the ground that his arrest was improper. At the hearing on the motion to suppress, Deputy Williams admitted that the defendant was not doing anything illegal but summarily testified that he ordered the defendant back into the vehicle for officer safety reasons. Williams admitted that the defendant had not committed any crimes between the time he observed the defendant sitting in the passenger seat of the vehicle and the time he attempted to walk away from the scene. Williams stated that he arrested the defendant for resisting without violence simply because he walked away.
At the conclusion of the hearing, the trial court denied the defendant's motion to suppress, reasoning:
Once the car stopped, this child was ordered to remain or get back in the car, pursuant to a lawful stop and for safety purposes. When he refused to obey that order and the lawful command of this police officer, I believe at that time, there's probable cause that he is breaking the law by refusing to respond to the officer's command. And that gives the basis for stopping and frisking your client. The reasonable suspicion here is that he is, in fact, breaking the law by resisting without violence.
Following this ruling, and after reserving the right to appeal the trial court's denial of his motion to suppress, the defendant entered a plea of nolo contendre to the charges.
On appeal, the defendant claims that Deputy Williams improperly detained and arrested him without reasonable suspicion and, therefore, any contraband seized following the unlawful arrest should have been suppressed. We agree.
*310 The courts of this state have consistently held that innocent passengers in a vehicle which is stopped for a traffic violation may choose whether to continue on with their business or return to the vehicle. In Wilson v. State, 734 So.2d 1107, 1111-1112 (Fla. 4th DCA 1999), the court noted that "a command preventing an innocent passenger from leaving the scene of a traffic stop to continue on his independent way is a greater intrusion upon personal liberty than an order simply directing a passenger out of the vehicle. Such an arbitrary interference with freedom of movement of one who is not suspected of any illegal activity whatsoever cannot be classified as a de minimis intrusion."
In Barrios v. State, 807 So.2d 814 (Fla. 4th DCA 2002), the defendant was arrested for resisting a police officer without violence. Later, he was searched and was found to be in possession of cocaine. The defendant moved to suppress the cocaine on the grounds that his arrest was improper. The trial court denied the motion but, on appeal, the Fourth District reversed:
Because the officer in this case admitted that he lacked a reasonable suspicion to detain this passenger, he could resist the officer's command to stand by the car so long as he did so without violence. There is no evidence of any violence; the resistance offered by Barrios was his purpose to depart for less stressful pastures.
Id. at 815. Similarly, in Faulkner v. State, 834 So.2d 400 (Fla. 2d DCA 2003), the Second District reversed the trial court's denial of a suppression motion. In doing so, the court recognized the principle set forth in Wilson and Barrios that preventing an innocent passenger from leaving the scene of a traffic stop is a greater intrusion upon personal liberty than an order simply directing a passenger out of a vehicle.
Of course, it is important to recognize that circumstances may exist where officer safety concerns arise that justify the exercise of some degree of control over a passenger. For reasons of public safety and personal safety, a police officer needs to be able to keep reasonable control over certain situations and in some situations, it may well be reasonable for the police officer to exercise some measure of control over a passenger. The Fourth District recognized just such a scenario in State v. McClendon, 845 So.2d 233 (Fla. 4th DCA 2003).
The issue in McClendon was whether a police officer's instruction to the passenger to get back into the car constituted an impermissible stop. Based on the facts of the case, the Fourth District held that it did not. In McClendon, the facts were as follows:
In the present case, the officer saw a car parked in the middle of the road without lights after midnight. The officer testified that the passenger got out of the car, leaned on the hood, and asked the officer what was going on. While the defendant testified that he had wanted to go to a nearby gas station, he admitted he neither began to walk in that direction nor advised the officer that he wanted to leave the area of the vehicle. Further, the officer testified that he could not see one of the passengers hands, which made him fear for his safety.
Under these circumstances, the officer's instruction to the passenger to sit inside the vehicle did not run afoul of the constitution. Using the balancing test articulated in Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), we find the officer's direction to the defendant to have been a "reasonable governmental invasion" of the defendant's *311 "personal security." Id. at 109, 98 S.Ct. 330.
An officer's interest in protecting himself or a fellow officer against an unsuspected assault by a driver or passenger and against accidental injury from passing traffic is both legitimate and weighty and the intrusion into the driver's or passenger's personal liberty is de minimis. Doctor v. State, 573 So.2d 157, 159 (Fla. 4th DCA 1991), aff'd in part, rev'd in part, 596 So.2d 442 (Fla.1992).
The United States Court of Appeals for the District of Columbia reviewed facts similar to the ones in this case in Rogala v. District of Columbia, 161 F.3d 44 (D.C.Cir.1998). In that opinion, the court concluded "that a police officer has the power to reasonably control the situation by requiring a passenger to remain in a vehicle during a traffic stop, particularly where, as here, the officer is alone and feels threatened." Id. at 53. Indeed, this court in Wilson acknowledged that there would be situations where an "officer should be able to identify objective circumstances that support the reasonableness of his order" for the passenger to return to a vehicle. Id. at 1113. We therefore reverse the order suppressing the evidence, and remand the case for further proceedings.
Id. at 235-236.
In applying this caselaw to the instant facts, we recognize first that here, the arrest affidavit indicates that Deputy Williams stopped Antoine's vehicle at 3 o'clock in the afternoon. Deputy Williams did not testify that he observed anything about the defendant's appearance suggesting that he might have been armed or dangerous. In fact, Deputy Williams failed to identify any objective circumstances to support the reasonableness of his order for the defendant to return to his vehicle. Therefore, Deputy Williams was not justified in detaining the defendant and the defendant's suppression motion should have been granted.
Judgment and Sentence REVERSED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] § 893.13(6)(a), Fla. Stat. (2004).
[2] § 843.02, Fla. Stat. (2004).