STEVENSON, C.J.
Joseph Fricano pled nolo contendere to charges of possession of cocaine and drug paraphernalia, reserving his right to appeal the trial court’s denial of his motion to suppress the evidence against him. On appeal, Fricano argues the motion to suppress should have been granted as the evidence was obtained during an investigatory stop that was not supported by the requisite “founded suspicion.” We find merit in Fricano’s argument and reverse.
The only witness to testify at the suppression hearing was the arresting officer. At around 2:00 a.m., the officer observed a taxi cab run a stop sign and head down a dead-end street. The officer initiated a traffic stop and the car came to a stop near a marina. The officer exited his car and walked toward the taxi cab. Fricano, a passenger in the cab, jumped out of the car, speaking loudly and indicating to the officer that he was there to see somebody *325 because he wanted to look at his boat. The officer approached Fricano, told him to have a seat in the car and “relax” and asked him for identification. According to the officer, Fricano bent into the passenger side of the cab and began trying to crush a suspect crack rock. The officer also observed a glass pipe, commonly used for smoking crack, on the car seat. Frica-no was arrested; the crack and pipe formed the basis for the charges against him.
There are three levels of police/citizen encounters: “(1) consensual encounter where a citizen voluntarily complies with a police request or chooses to ignore it, (2) an investigatory stop which requires a ‘well-founded, articulable suspicion of criminal activity,’ and (3) ‘an arrest supported by probable cause that a crime has been or is being committed.’ ” Delorenzo v. State, 921 So.2d 873, 876 (Fla. 4th DCA 2006) (quoting Johnson v. State, 785 So.2d 1224, 1226 (Fla. 4th DCA 2001)). “A citizen encounter becomes an investigatory stop once an officer shows authority in a manner that restrains the defendant’s freedom of movement such that a reasonable person would feel compelled to comply.” Oslin v. State, 912 So.2d 672, 674-75 (Fla. 5th DCA 2005). In this case, the drugs and paraphernalia were not discovered until after police ordered a passenger, who had exited the car following a traffic stop, back into the ear. Thus, the issue here is whether the officer’s ordering the passenger back into the car, coupled with the request for identification, was a “show of authority” transforming the encounter between the officer and the passenger into an investigatory stop that must have been supported by a well-founded, articulable suspicion of criminal activity. We find that it was.
Similar facts were addressed in Wilson v. State, 734 So.2d 1107 (Fla. 4th DCA 1999), where a prior panel of this court distinguished between the rights of a passenger and driver involved in a traffic stop. There, the officer made a traffic stop in the parking lot of a bar. When the vehicle stopped, the passenger jumped out and began walking to the bar. Despite the fact that he did not suspect the passenger of any criminal wrongdoing, the officer ordered him to return to the car and sit until the traffic stop was complete. After he ordered the passenger back into the car, the officer observed contraband on the passenger side of the vehicle. More drugs were discovered during a subsequent search of the passenger’s person. The passenger sought to suppress the evidence, arguing the officer’s ordering him to return to the car was tantamount to an investigatory stop that was not supported by the required “founded suspicion.” The State argued the detention was permissible for the officer’s safety. In resolving the case, the court considered whether existing authority allowing police to order a driver and passenger out of the car for officer safety and allowing police to order a driver back into the car should be extended to permit police to order a passenger back into the car. The court found that Fourth Amendment jurisprudence did not allow police, as a matter of course, to order passengers back into a car following a traffic stop, noting that, at the time of a traffic stop, passengers, as opposed to drivers, are not suspected of any violation of the law and ordering a passenger to return to the vehicle does not generally serve officer safety concerns. See also F.J.R. v. State, 922 So.2d 308 (Fla. 5th DCA 2006) (reversing denial of motion to suppress where police stopped vehicle and ordered the passenger, who attempted to walk away, to stop as there was no founded suspicion of criminal activity and no evidence that officer had concerns for his safety). Compare State v. McClendon, 845 *326 So.2d 233 (Fla. 4th DCA 2003) (distinguishing Wilson and finding officer’s ordering passenger into car did not convert encounter into impermissible stop where passenger did not attempt to leave scene and officer testified that he ordered passenger back into car out of concern for his safety because he was at the rear of the car with the driver and could see only one of the passenger’s hands).
We find that the facts of the instant case make it indistinguishable from Wilson. In both cases, the officer ordered a passenger, who indicated his intent to leave the scene of the traffic stop, back into the car under circumstances where the passenger was not suspected of criminal activity and the officer’s actions were not motivated by concern for his safety. Thus, as in Wilson, we reverse the denial of the motion to suppress.

Reversed and Remanded.

STONE and POLEN, JJ., concur.