LaROSE, Judge.
J.R.P. appeals his delinquency adjudication and sentence of probation for obstructing a law enforcement officer. See § 843.02, Fla. Stat. (2005).[1] The officer had no reasonable suspicion that J.R.P. had committed a crime and, therefore, had no basis to detain him. Accordingly, we reverse.
A police officer saw J.R.P. and another juvenile run from a convenience store, get into a car, and drive off at an unspecified “rate of speed.” The officer thought that the juveniles had robbed the convenience store. In fact, no robbery had occurred. Not knowing that, however, the officer gave chase, activating his patrol car’s lights and sirens. The driver, who was not J.R.P., did not stop. The car pulled into a parking lot, and the two juveniles jumped from the car before it came to a complete stop. The officer chased and, eventually, caught J.R.P.
In order to prove that a defendant is guilty of unlawfully obstructing an officer without violence, the state must establish that the defendant fled with knowledge of the officer’s intent to detain him and the officer was justified in making the detention due to his founded *454 suspicion that the defendant was engaged in criminal activity.
D.M. v. State, 681 So.2d 797, 798 (Fla. 2d DCA 1996) (citing F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990)); see also V.L. v. State, 790 So.2d 1140, 1142 (Fla. 5th DCA 2001).
Our decision in D.M. is instructive. 681 So.2d 797. The appellant/ defendant was a passenger in a vehicle that ran a red light and nearly struck a police car. Id. at 798. When the officers tried to initiate a traffic stop, the vehicle continued on its way. Id. D.M. and the other occupants fled from the vehicle while it was still moving. Id. The police apprehended D.M. and charged him with obstructing an officer without violence. Id. On appeal, we reversed D.M.’s conviction, concluding that the officers lacked a well-founded suspicion that D.M. was involved in criminal activity. Id. “[F]light alone does not give rise to a well-founded suspicion nor does it constitute obstructing an officer.” Id.; see also F.J.R. v. State, 922 So.2d 308, 310 (Fla. 5th DCA 2006); J.P. v. State, 855 So.2d 1262, 1266 (Fla. 4th DCA 2003); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995).
Unprovoked flight in a high crime area may provide reasonable suspicion to justify an investigatory stop. See Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Our record, however, is silent as to whether the incident occurred in a high crime area. Further, the officer did not articulate a reasonable suspicion that J.R.P. had broken the law. The officer did not see J.R.P. commit any crime. There is no indication that the juveniles ran or sped away because they saw the officer. There was no report of a robbery, the officer saw no items or money in the juveniles’ hands as they left the store, and no one was chasing them from the store. Any suspicion that J.R.P. had robbed the convenience store was unfounded. See Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001) (holding that where officer’s lack of knowledge whether defendant engaged in criminal activity prompts investigatory stop, detention is supported by no more than a hunch not sufficient for stop) (citing McCloud v. State, 491 So.2d 1164, 1167 (Fla. 2d DCA 1986)). Well-founded suspicion requires more than a mere hunch. McCloud, 491 So.2d at 1167 (citing Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
Perhaps, the officer had a basis to stop the driver for traffic infractions. But, J.R.P was a passenger who had the right to leave the scene of the traffic stop. See Faulkner v. State, 834 So.2d 400, 402 (Fla. 2d DCA 2003) (holding that it is illegal to detain passenger in traffic stop absent a reasonable suspicion that passenger has committed crime or is threat) (quoting Wilson v. State, 734 So.2d 1107, 1111-12 (Fla. 4th DCA 1999) (“[A] command preventing an innocent passenger from leaving the scene of a traffic stop to continue on his independent way is a greater intrusion upon personal liberty than an order simply directing a passenger out of the vehicle.”)); Barrios v. State, 807 So.2d 814, 815 (Fla. 4th DCA 2002) (holding innocent passenger’s .arrest for resisting police officer without violence improper because passenger could resist officer’s direction to stand by vehicle); F.J.R. v. State, 922 So.2d 308, 310 (Fla. 5th DCA 2006). The State does not allege that the officer suspected J.R.P. of a traffic violation, or that J.R.P. “pose[d] an articulable suspicion of danger to officer safety.” See Wilson v. State, 734 So.2d 1107, 1111 (Fla. 4th DCA 1999). Nor does the State contend that J.R.P. was detained as a potential witness to the traffic violation. See Williams v. State, 640 So.2d 1206, 1208-09 n. 2 (Fla. 2d DCA 1994) (stating officer has authority to *455 detain potential witness under clearly defined exigent circumstances). The officer detained J.R.P. solely on the unfounded suspicion that he had robbed the convenience store. On the record before us, J.R.P.’s conduct did not constitute the crime of resisting an officer.
Reversed.
WHATLEY and CASANUEVA, JJ., Concur.

. 843.02. Resisting officer without violence to his or her person
Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.