COHEN, J.
Cardelus Livingston appeals the denial of his motion to suppress. Because we conclude that the trial court properly denied the motion to suppress, we affirm.
The facts of this case are essentially undisputed. While patrolling the streets of Orlando, Officer Nazarro pulled behind and checked the license plate of a black Ford Ranger pickup truck. While awaiting the results, the driver of the pickup truck, Cardelus Livingston pulled into a residential driveway and subsequently pulled back into the roadway after Officer Nazarro passed him. The result of the license plate check revealed that the registered owner had an outstanding warrant. Officer Nazarro initiated a traffic stop to determine whether the registered owner was in the truck. He knew that the registered owner was a white male. Using his public address speaker, Officer Nazarro asked the driver to step out of the truck with his driver’s license. The driver’s side door opened, and Officer Nazarro saw “the arm pushing the door open was that of a black male.” As a result, he knew that the driver, Livingston, was not the truck’s registered owner.
As soon as he stepped out of the truck, Livingston fled. Officer Nazarro pursued on foot and repeatedly gave commands to stop; Livingston ignored these commands. While in pursuit, Officer Nazarro observed Livingston carrying a black bag. During the course of the pursuit Livingston threw the bag onto the roof of a house. After catching up to Livingston, Office Nazarro ordered him to the ground. Instead of complying, Livingston put his right hand into his right front pants pocket. Afraid he might be reaching for a weapon, Officer Nazarro shot Livingston with his electronic control weapon (a/k/a Taser). Livingston continued to resist Officer Nazarro’s attempts to handcuff him and he was Ta-sered again. Finally, Officer Nazarro handcuffed and searched Livingston. The search uncovered a .38 caliber revolver in Livingston’s front pants pocket, $1400, and narcotics in the black bag.
Livingston was arrested and charged with possession of a firearm by a convicted felon, possession of cocaine, carrying a concealed firearm, and possession of marijuana. Livingston subsequently sought to suppress the gun, money, and narcotics, arguing that they were illegally obtained because Officer Nazarro lacked any basis to detain him after determining that he was not the owner of the truck. The trial court denied the motion to suppress and Livingston pled nolo contendere to possession of a firearm by a convicted felon after reserving his right to appeal.
Livingston contends that Officer Nazar-ro lost any legal basis to detain him after determining that he was not the registered owner of the truck, citing State v. Diaz, 850 So.2d 435 (Fla.2003). Although acknowledging he fled, Livingston argues that Officer Nazarro did not articulate any reasonable suspicion of criminal activity or give any reason for the chase. The State counters that the “totality of the circumstances” justified Officer Nazarro’s pursuit.
The pivotal case on the authority of law enforcement to pursue an individual who *1146 flees in response to police presence is Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)[1] In Wardlow, a convoy of four police vehicles converged on an area known for heavy drug trafficking. Id. at 121, 120 S.Ct. 673. Upon seeing the approaching police presence, Wardlow, who was holding an opaque bag, fled. Id. at 121-22, 120 S.Ct. 673. In upholding the stop, the Supreme Court noted that, “Headlong flight — wherever it occurs — is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.” Id. at 124, 120 S.Ct. 673. In concluding that its decision was consistent with its earlier decision in Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983),[2] the Supreme Court stated, “unprovoked flight is simply not a mere refusal to cooperate. Flight, by its very nature, is not ‘going about one’s business’; in fact, it is just the opposite.” 528 U.S. at 125, 120 S.Ct. 673. Thus, the Supreme Court distinguished mere refusal to cooperate from unprovoked flight.
A number of Florida decisions have ruled that flight alone does not provide a sufficient basis upon which to form a reasonable suspicion of criminal activity to justify an investigatory stop. See J.R.P. v. State, 942 So.2d 452, 454 (Fla. 2d DCA 2006); J.D.H. v. State, 967 So.2d 1128, 1132 (Fla. 2d DCA 2007); State v. Lennon, 963 So.2d 765, 769 (Fla. 3d DCA 2007). While there was no evidence that the events in the instant case occurred in a high crime area, as in Wardlow, there were other factors beyond mere flight to justify pursuit and investigation. In particular, Livingston abandoned a vehicle he clearly did not own on a public street.
Once Livingston started exiting the truck, Officer Nazarro knew he was not the owner who was the subject of the arrest warrant. However, Officer Nazzar-ro never had a chance to take any action because Livingston immediately fled, abandoning the truck. There was no continued detention by the officer. Given the abandonment of the truck on a public roadway, Officer Nazarro’s knowledge that Livingston was not the owner of the truck, and flight from the scene, we conclude that the officer’s actions in pursuing Livingston were reasonable.[3] The trial court properly denied the motion to suppress.
AFFIRMED.
PLEUS and EVANDER, JJ., concur.

. The right of the people to be free from unreasonable searches and seizures provided for in the Florida Constitution is construed consistently with the United States Supreme Court's Fourth Amendment jurisprudence. Art. I, § 12, Fla. Const.

. In this case, the Supreme Court held that where an officer, without reasonable suspicion or probable cause, approaches an individual, that person has the right to ignore the police and go about his business. Florida v. Royer, 460 U.S. 491, 498, 103 S.Ct 1319, 75 L.Ed.2d 229 (1983).

. The court in Cunningham v. State, 884 So.2d 1121, 1123 (Fla. 2d DCA 2004), noted that "Flight on foot is distinctly different than flight in a car. When 'headlong flight' occurs on foot, the defendant's intent to elude an officer may be clear, even though no law is broken.” Here, Livingston’s intent to elude could not be clearer.