# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.

_____

No. 3D16-1998
Lower Tribunal No. 15-21304
_____

**Roberto Suarez Lopez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Stephen Millan, Judge.

George J. Vila, P.A., and George J. Vila, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.


Before SUAREZ, EMAS and LOGUE, JJ.

EMAS, J.

**ON MOTION FOR REHEARING**

We deny appellant's motion for rehearing, withdraw our previous opinion, and substitute the following in its stead.

Roberto Suarez Lopez was a passenger in a vehicle that was improperly parked in a no parking zone. A police officer approached the passenger side of the vehicle and asked the driver for his driver's license and registration. After noticing that Lopez, the passenger, was exhibiting odd behavior and appearing nervous and shaking, the officer directed Lopez to exit and step to the rear of the vehicle. The officer then asked the driver to exit through the passenger side of the vehicle.[1] As the driver was complying, Lopez "took off" from the scene in a full sprint. As Lopez ran, the officer observed Lopez take from his pocket a baseball-sized object, wrapped in a white napkin, throw it over a fence, and keep running.

The officer gave chase, eventually catching and arresting Lopez. The officer recovered the object, which was later determined to be cocaine. Lopez was charged with possession with intent to deliver cocaine, tampering with evidence, and resisting an officer without violence.

Lopez filed a motion to suppress evidence. Lopez concedes that the officer had the authority to order Lopez out of the vehicle. Lopez contends, however, that once Lopez exited the vehicle, he was free to leave and that, in the absence of

---

[1] The officer testified he directed the driver to exit through the passenger side so he would be better able to see if the driver had any weapons on him.

2

reasonable suspicion, the officer could not lawfully require Lopez to remain at the scene for the duration of the traffic stop. Lopez contends that the action of the officer in detaining Lopez, by ordering him to remain at the rear of the vehicle, violated the Fourth Amendment. The trial court denied the motion to suppress. Thereafter, Lopez entered a negotiated plea, reserving the right to appeal the dispositive order denying his motion to suppress.

In D.N. v. State, 805 So. 2d 63, 65 (Fla. 3d DCA 2002), we held that "in order to protect officer safety, a law enforcement officer conducting a traffic stop may order any passenger, as well as the driver, to exit the vehicle during the traffic stop." (citing Maryland v. Wilson, 519 U.S. 408 (1997)). Such a minimal intrusion does not violate the reasonableness requirement of the Fourth Amendment, when balanced against the competing interest in officer safety and the need for the officer to control the traffic stop. We conclude that the same interest of officer safety compels the conclusion that an officer may order the exiting passenger to remain at the scene for the duration of the traffic stop.[2] To hold

---

[2] We note, however, that the length of the detention may convert an otherwise reasonable temporary detention into an unreasonable one:

> If either the stopping of the car, the length of the passenger's detention thereafter, the scope of investigation directed at the passenger, or the passenger's removal from it are unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit.

otherwise would not simply thwart this interest, but would increase the potential danger to the officer. A passenger whose movements at the scene cannot be restricted would be free not simply to leave the scene, but also to reposition himself to any location at the scene (for example, directly behind the officer), requiring the officer to divide his attention to monitor the movements and actions of both driver and passenger, while also conducting and completing the traffic stop within a reasonable time. This potential danger is magnified if multiple passengers are directed to exit the vehicle but whose movements thereafter cannot lawfully be restricted pending completion of the traffic stop.

Lopez urges us to follow the Fourth District's decision in Wilson v. State, 734 So. 2d 1107 (Fla. 4th DCA 1999). In that case, Wilson was a passenger in a vehicle stopped for a traffic violation. Once the vehicle was stopped, Wilson exited the vehicle and began walking toward a bar located only a few feet away. The officer stopped Wilson from entering the bar and ordered him to return to and remain inside the vehicle during the traffic stop. Wilson complied and later on

---

6 W. LaFave, Search and Seizure § 11.3(e), text accompanying notes 294-96 (5th ed. and Supp. 2016) (cited with approval in Brendlin v. California, 551 U.S. 249, 259 (2007)). See also Rodriguez v. United States, __ U.S. __, 135 S.Ct. 1609, 1614 (2015) (holding that "the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop. . . and attend to related safety concerns," and concluding that a dog sniff is not an ordinary incident of a traffic stop and prolonging the duration of a traffic stop for this purpose without reasonable suspicion violates the Fourth Amendment).

4

during the stop, the officer observed Wilson trying to conceal a pipe (containing marijuana) in the floorboard of the vehicle. During a subsequent search, cocaine was found on his person.

Wilson was charged with possession of cocaine, marijuana and drug paraphernalia. He moved to suppress the evidence, contending that, absent reasonable suspicion, the officer could not order a passenger to return to the stopped vehicle. The trial court denied the motion to suppress.

The Fourth District reversed and, distinguishing between the driver of a lawfully stopped vehicle and its passenger,[3] observed:

> [A] command preventing an innocent passenger from leaving the scene of a traffic stop to continue on his independent way is a greater intrusion upon personal liberty than an order simply directing a passenger out of the vehicle. Such an arbitrary interference with the freedom of movement of one who is not suspected of any illegal activity whatsoever cannot be classified as a *de minimis* intrusion."

---

[3] The court in Wilson acknowledged that it had earlier held, in Borski v. State, 712 So. 2d 787 (Fla. 4th DCA 1998), that a police officer could require a driver to return to his vehicle for the remainder of a lawful traffic stop. Distinguishing that case, the Wilson court noted:

> We have no difficulty determining, as we did in Doctor [v. State, 573 So. 2d 157 (Fla. 4th DCA 1991)] and Borski, that the traffic violation sufficiently justifies subjecting the driver to detention—in or outside the vehicle. There is a legitimate need for adequate police control over the traffic violator for the time necessary to conclude the business of the stop. The restraint on the liberty of the blameless passenger is, in contrast, an unreasonable interference.

Wilson, 734 So. 2d at 1112.

Id. at 1111-12.

The court held:

> [A] police officer conducting a lawful stop may not, as a matter of course, order a passenger who has left the stopped vehicle to return to and remain in the vehicle until completion of the stop. The officer must have an articulable founded suspicion of criminal activity or a reasonable belief that the passenger poses a threat to the safety of the officer, himself, or others before ordering the passenger to return to and remain in the vehicle.

Id. at 1113.

The United States Supreme Court, in Brendlin v. California, 551 U.S. 249 (2007) and Arizona v. Johnson, 555 U.S. 323 (2009) have addressed this question and have determined that the Fourth Amendment is not violated under these circumstances.[4]

As the Supreme Court observed in Brendlin:

> It is also reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety. In Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997), we held that during a lawful traffic stop an officer may order a passenger out of the car as a precautionary measure, without reasonable suspicion that the passenger poses a safety risk. Id., at 414–415, 117 S.Ct. 882; cf. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d

---

[4] The Florida Constitution contains a provision protecting against unreasonable searches and seizures. See Art. I, § 12, Fla. Const. (providing in part: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures. . . shall not be violated."). However, that same section contains a conformity clause: "This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court."

331 (1977) (per curiam) (driver may be ordered out of the car as a matter of course). In fashioning this rule, we invoked our earlier statement that " '[t]he risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation.' " Wilson, supra, at 414, 117 S.Ct. 882 (quoting Michigan v. Summers, 452 U.S. 692, 702–703, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981)). What we have said in these opinions probably reflects a societal expectation of " 'unquestioned [police] command' " at odds with any notion that a passenger would feel free to leave, or to terminate the personal encounter any other way, without advance permission. Wilson, *supra*, at 414, 117 S.Ct. 882.

Brendlin, 551 U.S. at 258.

In Johnson, the Court reaffirmed its Fourth Amendment holding in Brendlin:

For the duration of a traffic stop, we recently confirmed, a police officer effectively seizes "everyone in the vehicle," the driver and all passengers. Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). Accordingly, we hold that, in a traffic-stop setting, the first *Terry* condition—a lawful investigatory stop—is met whenever it is lawful for police to detain an automobile and its occupants pending inquiry into a vehicular violation. The police need not have, in addition, cause to believe any occupant of the vehicle is involved in criminal activity.

Johnson, 555 U.S. at 327.

We decline Lopez's invitation to follow Wilson. Although our prior decision in D.N. did not expressly reach the discrete issue raised here, we conclude that the rationale for our decision in D.N., together with the United States Supreme Court's decisions in Brendlin and Johnson,[5] lead inexorably to the

[5] Importantly, Wilson was decided in 1999, prior to the United States Supreme Court's decisions in Brendlin and Johnson. To the extent that the Fourth District's decision survives Brendlin and Johnson, we acknowledge that our decision in the instant case is in conflict with Wilson. We also acknowledge that our decision is

7

conclusion that a police officer, consistent with the reasonableness requirement of the Fourth Amendment, may order a passenger to exit a lawfully stopped vehicle and may detain the passenger at the scene during the completion of the traffic stop. Our holding in the instant case is consistent with, and supported by, the decisions and analyses of two of our sister courts who have also addressed this issue. See Presley v. State, 204 So. 3d 84 (Fla. 1st DCA 2016) (review granted, SC16-2089, oral argument held June 7, 2017); Aguiar v. State, 199 So. 3d 920 (Fla. 5th DCA 2016) (en banc).

Affirmed.

---

in conflict with the Second District's decisions in J.R.P. v. State, 942 So. 2d 452 (Fla. 2d DCA 2006) and Faulkner v. State, 834 So. 2d 400 (Fla. 2d DCA 2003), which agreed with Wilson and were likewise decided before Brendlin and Johnson.