778 So.2d 455 (2001)
Wilnard SIMEON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3489.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
*456 Carey Haughwout, Public Defender, Cherry Grant, Assistant Public Defender, Linda Webb and Gregg Brennan, Legal Interns, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
The State charged appellant with robbery with a firearm and resisting an officer without violence. On the robbery count, the jury found appellant guilty of the lesser included offense of petit theft, a second degree misdemeanor and guilty as charged on the resisting an officer without violence count. At sentencing, the trial court enhanced appellant's sentence for petit theft to a first degree misdemeanor due to a prior conviction for grand theft.
Appellant raises four points on appeal, two of which merit discussion. He contends that the trial court erred by denying his motion for judgment of acquittal on the charge of resisting an officer without violence. He also contends that his sentence for petit theft was improperly enhanced.
Appellant claims that the trial court should have granted his motion for judgment of acquittal because the State presented evidence that he resisted Officer Hartman, while the information charges him with resisting Officer Ragin. The record shows that when Officer Hartman arrested appellant, appellant gave him a false name and date of birth. The date of birth he gave to Officer Hartman would have qualified him for juvenile offender treatment. After being taken to the Detective Bureau at the police station for interrogation, appellant repeated the false name and date of birth to Officer Ragin. Following the interview with Officer Ragin, appellant was transported to the Juvenile Intake Facility. Officer Hartman subsequently discovered appellant's correct name and date of birth, and communicated this information to Officer Ragin. Appellant was then transferred to an adult detention facility.
Appellant argues that because Officer Hartman was the arresting officer, the giving of false information obstructed only him. He also argues that because Officer Hartman communicated the correct information to Officer Ragin, the false information did not obstruct Officer Ragin.
Section 843.02 does not require that the attempted obstruction succeed. Nor does it limit the offense to resisting arrest, or obstructing only the arresting officer. The section provides
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or 775.083.
[emphasis added]. Here, the record contains evidence that both officers had the responsibility of investigating the crimes, and that appellant gave a false name and date of birth to both. We therefore hold that when appellant gave Ragin a false name and date of birth, he was resisting Ragin in the execution of his duty to confine adult arrestees in adult detention facilities.
In his next point, appellant does not challenge his conviction for petit theft, but he does correctly contend that the sentence must be reversed. The Florida Supreme Court held in Young v. State, 641 So.2d 401 (Fla.1994) that the State must *457 allege the elements of felony petit larceny in its charging document if it intends to proceed under section 812.014(2)(d), (1991), (now 812.104(3)(b), as amended and renumbered). Although evidence of appellant's prior theft conviction was entered without objection, the information failed to contain an allegation of prior theft. The error is fundamental, and can be raised at any time. See Jenkins v. State, 617 So.2d 836 (Fla. 4th DCA 1993).
Accordingly, we affirm appellant's convictions for petit theft and resisting an officer without violence. We reverse appellant's sentence for petit theft and remand for resentencing as a second degree misdemeanor.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WARNER, C.J., and HAZOURI, J., concur.