801 So.2d 200 (2001)
James UNDERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4160.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
*201 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellee.
TAYLOR, J.
Appellant James Underwood challenges the denial of his motion to suppress evidence seized after a stop for obstructing traffic under section 316.2045(1), Florida Statutes. For the reasons discussed below, we conclude that the facts do not support a finding of probable cause for the traffic stop and reverse the order denying suppression of the evidence.
On August 11, 2000, Broward Sheriffs Deputy Arthur Perry was on routine patrol traveling north on Southwest 5th Avenue in Dania Beach, when he came upon a white Toyota stopped in the middle of the street. The street was very narrow with no divider lines. A grocery store was on one side of the street and a motel was on the opposite side. At the time, there were no other vehicles on the roadway. The deputy observed a man standing in the street beside the Toyota. The unidentified man fled in a westerly direction when the deputy's vehicle approached. As the deputy drove up behind the Toyota, he had to slow down but not come to a complete stop. The Toyota moved on, continuing north on Southwest 5th Avenue, then east on West Dania Beach Boulevard. The officer activated his emergency lights and siren and followed the car until it stopped within a few blocks. According to the deputy, his sole purpose for stopping the vehicle was to issue the driver a citation for obstructing the roadway, under section 316.2045(1), Florida Statutes.
When the deputy approached the car on the driver's side, he saw the driver chewing a substance. He could see a white substance on the driver's tongue when he spoke. Based on his experience, the deputy recognized the substance as crack cocaine. He seized the substance, which field tested positive for cocaine, and arrested the driver. The driver, the appellant herein, was charged by information with possession of cocaine and tampering with evidence. He filed a motion to suppress the evidence.
At the hearing on the motion to suppress, both sides agreed that the sole issue was whether the officer had probable *202 cause for the traffic stop.[1] After hearing the officer's testimony and argument of counsel, the trial court determined that the deputy had probable cause to believe that appellant violated the obstruction of traffic statute. The court denied the motion to suppress, and appellant pled no contest to the charges, reserving the right to appeal the denial of his motion.
A reviewing court must accept the trial court's findings of fact in an order on a motion to suppress, so long as those findings are supported by the record. However, a suppression order that turns on an issue of law is reviewed by a de novo standard of review. See Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000). In this case, the facts are undisputed and the issue before us is one of law: whether the facts support a finding that the deputy had probable cause to believe that appellant committed a traffic violation. If the deputy had probable cause to believe that a traffic infraction had occurred, then his stop of appellant's car was permissible under Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) and Holland v. State, 696 So.2d 757 (Fla.1997).
Section 316.2045, Florida Statutes, is entitled, "Obstruction of public streets, highways, and roads," and provides in pertinent part the following:
It is unlawful for any person or persons willfully to obstruct the free, convenient and normal use of any public street, highway, or road by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon....
Appellant argues that the undisputed facts show that he did not willfully obstruct or hinder the free flow of traffic within the meaning of the statute. Citing Thunderbird Drive-In Theatre, Inc. v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), he contends that the statute's use of the word "willfully" implies "an intentional act of an unreasonable character in disregard of a known or obvious risk of such magnitude as to render it probable that harm would follow." Appellant asserts that his conduct in momentarily stopping his vehicle in the middle of the road, when traffic was minimal and only mildly affected, does not meet this criteria.
In Thunderbird, an injured motorcyclist sued a drive-in theater for injuries resulting from a collision with a pickup truck near the theater's entrance. The plaintiff alleged that heavy traffic congestion near the entrance resulted from the entrance's negligent design and maintenance. Arguing that the theater violated section 316.2045(1), Florida Statutes (obstruction of traffic), by allowing such congestion to occur, the plaintiff requested a jury instruction on this statutory violation. We held that it was error for the trial court to give this instruction because the statute required that the obstruction or interference with the flow of traffic be "willful." We explained that the usual meaning assigned to "willful" in the context of a tort claim "is that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow." Id. at 1344 (citing Smith v. Sno Eagles Snowmobile *203 Club, Inc., 823 F.2d 1193, 1198 (7th Cir.1987)).
Similarly, when a person is charged with a violation of the statute prohibiting obstruction of traffic, the offender's conduct must be willful for the statute to apply. Black's Law Dictionary 1599 (6th ed.1990) states that "an act or omission is willfully done, if done voluntarily and intentionally and with specific intent to do something the law forbids ..." Appellant acknowledges that he intentionally stopped his car in the middle of the street. However, there is no evidence that he did so with the specific intent to impede or hinder traffic. The undisputed evidence suggests otherwise. According to the testimony at the suppression hearing, when the deputy first observed appellant's car, there were no vehicles coming from either direction waiting to pass through. As soon as the officer's vehicle approached, appellant moved forward, allowing the officer to continue his travel along the street without having to stop or drive around appellant's vehicle. Although the deputy had to slow down, there is no indication that his "normal use" of the street was hindered or endangered by appellant's conduct. But see Covington v. State, 728 So.2d 1195, 1196 (Fla. 4th DCA 1999)(probable cause for traffic stop found where facts showed that defendant stopped car in roadway with driver's side door open and his foot on the road, causing traffic to be blocked); State v. Constant, 2 Fla. L. Weekly Supp. 407 (Fla. 11th Jud. Cir. Aug. 26, 1994)(probable cause for traffic stop found where defendant left his car unattended in the middle of an intersection of two roadways maintained by traffic control lights, which caused traffic to slow down and to go around the defendant's vehicle).
Because we conclude that the officer lacked probable cause to stop appellant for obstruction of traffic, the evidence seized pursuant to the unlawful stop should have been suppressed.
REVERSED and REMANDED for further proceedings.
DELL and WARNER, JJ., concur.
NOTES
[1] The state conceded that the pedestrian's "flight" from the Toyota did not generate reasonable suspicion for the stop, as the officer did not see any sort of exchange between the driver and the pedestrian or observe any other suspicious activity.