ON MOTION FOR REHEARING
SHEPHERD, J.
We grant the state’s motion for rehearing,[1] withdraw our previous opinion and substitute the following in its place.
N.H., a minor, appeals an adjudicatory order in which the trial court withheld an adjudication of delinquency and gave a judicial warning for violating § 843.02, Fla. Stat. We have jurisdiction. Art. 5, § 4(b)(1). Upon reconsideration of our earlier opinion, we now affirm.
I. FACTS
During the evening hours of March 13, 2003, several police officers on bike patrol in the vicinity of a local high school heard a sound “like a loud yell” emanating from a female voice in the school parking lot. Moments thereafter, the officers observed N.H. running away from the lot. The police attempted to catch up with N.H., but N.H. continued to run, changing directions and darting through moving traffic when he saw the police in pursuit. When eventually stopped, N.H. refused to provide his name or answer any other questions. Rather, during the brief time that enveloped the incident, he presented himself as very aggressive and agitated, cursing and being otherwise disruptive. He also refused a police request to sit down so that the police could attempt to accomplish their investigatory duty,[2] but *516 instead “played himself’ toward the officers and menacingly raised his fists at them. Recognizing a potential threat, two of the officers grabbed him, and were pulled to the ground by N.H. in an ensuing struggle.
N.H. was charged with resisting an officer without violence, in violation of § 843.02, Fla. Stat. After an evidentiary hearing, the circuit court found that N.H. had resisted without violence, but withheld adjudication choosing instead to issue a judicial warning. N.H. appeals the denial of his motion for acquittal.
II. DISCUSSION
A) The Terry Stop
Based upon our de novo review of the case, Pagan v. State, 830 So.2d 792 (Fla.2002), we agree with the circuit court that under the totality of the circumstances, the officers had a reasonable suspicion that criminal activity was afoot and thus their investigative stop of N.H. was lawful. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Davis, 849 So.2d 398, 400 (Fla. 4th DCA 2003) (a “police officer may ... stop a person for the • purpose of investigating possible criminal behavior, even though there is no probable cause for an arrest, as long as the officer has reasonable suspicion that the person is engaged in criminal activity”). Here, three police officers saw an individual running away from a location where the officers had just heard a woman’s loud scream. When the officers started to approach the individual, he darted across moving traffic to avoid them. The officers’ decision to stop and question N.H. was entirely reasonable under the circumstances.
B) Resisting the Officer
N.H. was charged with resisting an officer, in violation of § 843.02, Fla. Stat. Section 843.02 reads in pertinent part: “Whoever shall resist, obstruct, or oppose any officer ... in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree .... ” (Emphasis added). On its face, the statute is unambiguous. It is intended to apply to any situation where a person willfully interferes with the lawful activities of the police. Nothing indicates that it applies only when police are arresting a suspect, nor does the case law support such a narrow construction of the statute. See Jacobson v. State, 476 So.2d 1282, 1287 (Fla.1985)(“section 843.02 ... does not require that the officer be attempting to arrest the suspect”) citing Kaiser v. State, 328 So.2d 570 (Fla. 3d DCA 1976) (charge of resisting officer with violence, section 843.01, proper when officer has legal right to detain suspect for questioning). See also Simeon v. State, 778 So.2d 455 (Fla. 4th DCA 2001) (providing false information to non-arresting officer sufficient to support a violation of § 843.02); K.A.C. v. State, 707 So.2d 1175 (Fla. 3d DCA 1998) (failure of juvenile who was the subject of a lawful investigatory stop for possible truancy violation to identify himself and reveal where he went to school sufficient to constitute a violation of § 843.02); M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984) (holding that interfering with an officer during a temporary detention, such as a stop and frisk, is sufficient to convict under § 843.02). Although not dispositive, we also note that the title of § 843.02 is “resisting [an] officer,” not “resisting arrest.”
There are two elements to resisting an officer. Mosley v. State, 739 So.2d 672, 675 (Fla. 4th DCA 1999). First, the officer must be engaged in the lawful execution of a legal duty. Id. Second, the defendant’s action, be it by words, conduct *517 or a combination thereof, must constitute obstruction or resistance of that lawful duty. Id. We are satisfied here that the totality of N.H.’s conduct toward the police in this case — refusing to identify himself, refusing to sit and thus comport himself so that the officers could investigate and finally physically threatening them, all as found by the trial court — is sufficient to support the finding of the trial court below. State v. Williams, 742 So.2d 509 (Fla. 1st DCA 1999) (If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied). The facts in this ease are stronger than those in K.A.C., where this court held that the failure of a juvenile to provide information to police officers that he was legally obligated to provide was sufficient to constitute a violation of § 843.02. 707 So.2d at 1177. The fact that the police did not have probable cause to arrest N.H. at the time he was initially stopped is of no consequence under the circumstances because the police were engaged in “the lawful exercise of [a] legal duty” when N.H. resisted. § 843.02, Fla. Stat. Accordingly, we affirm the decision below.

. Rehearing is appropriate where a court in an opinion has "misapprehended or overlooked” a point of law. Fla. R.App. P. 9.330.

. The testimony indicates that a request of this type is a strategy not infrequently employed by law enforcement officers with persons in circumstances of this type because experience has shown that it will tend to "calm them down.”