898 So.2d 248 (2005)
Lawrence Timothy REID, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1092.
District Court of Appeal of Florida, Fourth District.
March 16, 2005.
Marisa Tinkler Mendez of Marisa Tinkler Mendez, P.A., Coral Gables, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant Lawrence Timothy Reid was convicted of possession of cocaine following *249 his no contest plea. He appeals, challenging the trial court's denial of his motion to suppress the cocaine. We affirm, because the police officer lawfully seized the cocaine after discovering it in plain view when appellant was ordered out of his vehicle during the course of a lawful traffic stop for obstructing traffic.[1]
The trial court properly determined that appellant's conduct in parking his vehicle in the roadway near an intersection and causing another vehicle to drive around appellant's vehicle provided probable cause for the traffic stop. The facts in this case show an intent to impede or hinder the free flow of traffic, thus distinguishing this case from Underwood v. State, 801 So.2d 200 (Fla. 4th DCA 2001) (holding that the arresting officer did not have probable cause to stop the defendant for obstructing traffic because there was no evidence of intent to impede or hinder traffic where the vehicle was only briefly stopped in the roadway and the officer approaching the vehicle from behind did not have to stop or drive around the defendant's vehicle). Here, because the deputy had probable cause to believe that a traffic infraction had occurred, his stop of appellant's car was permissible. See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (holding that a traffic stop is reasonable under the Fourth Amendment when police have probable cause to believe a traffic infraction has occurred); Holland v. State, 696 So.2d 757, 759 (Fla.1997) (holding that Florida courts are required to follow Whren's objective test and determine only whether probable cause existed for the traffic stop in question).
Contrary to appellant's argument, the officer did not need a reasonable suspicion of criminal activity for an investigatory stop, because the initial traffic stop was valid and appellant was not detained beyond the time necessary to issue a citation. See Cresswell v. State, 564 So.2d 480, 481 (Fla.1990) (citing State v. Anderson, 479 So.2d 816, 818 (Fla. 4th DCA 1985)); K.G.M. v. State, 816 So.2d 748, 752 (Fla. 4th DCA 2002). Further, once appellant was lawfully stopped for the traffic violation, the officer was authorized to order him out of his vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (holding that for general safety purposes an officer may routinely order the driver of a lawfully stopped vehicle to exit the vehicle because when the vehicle is already stopped, the slight additional intrusion associated with being directed to exit the car can only be described as de minimis); Faulkner v. State, 834 So.2d 400, 402 (Fla. 2d DCA 2003) (same quoting Mimms); Mendez v. State, 678 So.2d 388, 390 (Fla. 4th DCA 1996) (holding that the officer acted within the scope of his authority in requiring the defendant, stopped in middle lane of traffic, to exit his vehicle); State v. Bernard, 650 So.2d 100, 102 (Fla. 2d DCA 1995) (holding that once a vehicle has been lawfully stopped, an officer may order the driver out of the *250 vehicle without violating the Fourth Amendment).
AFFIRMED.
FARMER, C.J., and SHAHOOD, J., concur.
NOTES
[1] The officer stopped appellant for willfully blocking traffic in violation of Florida Statutes section 316.2045, which states in pertinent part:

(1) It is unlawful for any person or persons willfully to obstruct the free, convenient, and normal use of any public street, highway, or road by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon; and any person or persons who violate the provisions of this subsection, upon conviction, shall be cited for a pedestrian violation, punishable as provided in chapter 318.