899 So.2d 480 (2005)
P.B., a juvenile, Appellant,
v.
STATE of Florida, Appellee.
No. 3D04-1297.
District Court of Appeal of Florida, Third District.
April 13, 2005.
*481 Bennett H. Brummer, Public Defender and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Michael E. Hantman, Assistant Attorney General, for appellee.
Before LEVY, C.J., COPE and SUAREZ, JJ.
SUAREZ, J.
P.B., a juvenile, appeals his conviction of resisting arrest without violence. P.B. contends the police officer was not engaged in the lawful performance of her duty at the time of his arrest. Therefore, he could not be guilty of resisting arrest without violence. We find the police officer was engaged in the lawful performance of her duty and affirm the conviction.
On December 19, 2003, while on routine patrol, Officer Felipe observed P.B. exchanging money for what she believed was drugs. P.B. "took off running" when he saw Officer Felipe. She gave chase repeatedly yelling to the juvenile to stop. P.B. jumped over a six foot fence. As the officer came around the fence, she found P.B. leaning with his hands against the fence. While attempting to handcuff P.B., P.B. hit Officer Felipe in her chest with his elbow, knocking her to the ground. P.B. then, again, jumped over the fence. He was eventually apprehended and arrested. The trial court found P.B. guilty of battery on a law enforcement officer and guilty of resisting without violence.
On appeal, P.B. argues that to be found guilty of resisting without violence the State must prove that the officer was engaged in the lawful performance of his/her duty at the time of the incident. P.B. claims Officer Felipe's testimony at trial did not support a reasonable suspicion that a drug transaction was taking place. Therefore, the officer was not involved in the lawful performance of her duty and P.B. could not be found guilty of resisting without violence.
To be guilty of resisting an officer without violence, (1) the officer must be engaged in the lawful execution of a legal duty; and (2) the defendant's action must constitute obstruction or resistance of that lawful duty. Mosley v. State, 739 *482 So.2d 672, 675 (Fla. 4th DCA 1999). Section 843.02, Florida Statutes (2003) is intended to apply to any situation where a person willfully interferes with the lawful activities of the police. N.H. v. State, 890 So.2d 514 (Fla. 3d DCA 2005) (officer's reasonable suspicion to stop and question a juvenile running from location where scream was heard was lawful activity under Section 843.02). In the present case, Officer Felipe had, at a minimum, a reasonable suspicion to make an investigatory stop, if not probable cause. As in N.H. v. State, 890 So.2d at 514, Officer Felipe was engaged in the lawful exercise of a legal duty when she observed P.B. commit what she believed was a criminal offense, chased P.B., caused him to stop and attempted to handcuff him. Accordingly, we affirm the trial court's order below.
The State concedes the condition of probation that the respondent must tour an adult correctional facility was not orally pronounced at sentencing and should be stricken from the probation order. The probation order should be corrected to reflect the length of the juvenile's probation period.
Affirmed and remanded for a corrected disposition order.