CORTINAS, Judge.
The defendant, J.M., appeals the trial court’s order adjudicating him delinquent for resisting an officer without violence as well as the trial court’s denial of his motion for judgment of acquittal. We affirm.
On February 17, 2006, immediately after Carol City Senior High School was released for the day, a large crowd of approximately four hundred students gathered at a nearby park to watch a fight between two girls. Officers Eugene Williams (“Officer Williams”) and William Paz (“Officer Paz”)- (collectively “the officers”), of the Miami-Dade Schools Police Department, went to the park to investigate the reason for the crowd’s gathering.
The officers testified that they ordered the entire crowd to leave the park. The officers repeatedly issued this order to leave. Some students followed the officers’ orders to leave, but others did not. Officer Williams testified that one individual refused to leave when ordered directly by Officer Williams and was thereafter detained.
Subsequently, J.M. and two other individuals began to approach Officer Williams from about twenty-five yards away. Officer Williams testified that J.M. stated that he was the brother of the detained individual and asked Officer Williams to release his brother. Officer Williams told J.M. to stop but J.M. continued to approach him with clenched fists.[1] Later, J.M. crossed the street and was detained by Officer Williams. J.M. was charged with disorderly conduct in violation of sections 877.03 and 777.011, Florida Statutes (2005),[2] and resisting an officer without violence in violation of section 843.02, Florida Statutes (2005).
At the close of the State’s case in chief, and again after the defense rested,[3] J.M. moved for judgment of acquittal. The trial *815 court denied both motions. The trial court found that Officer Williams was engaged in the lawful execution of his legal duty by giving commands to everyone to leave the park for public safety reasons. The trial court also found that J.M. knew he was supposed to leave the park. Based upon J.M.’s failure to leave the park as the officers had initially requested, the trial court found him guilty of resisting an officer without violence under section 843.02, Florida Statutes (2005). At a subsequent disposition hearing, the court withheld adjudication and issued a judicial warning. J.M.’s appeal followed.
Section 843.02, Florida Statutes (2005), provides that “[w]hoever shall resist, obstruct or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.... ” § 843.02, Fla. Stat. (2005). Thus, the elements of the crime of resisting an officer without violence are: “(1) [that] the officer was engaged in the lawful execution of a legal duty; and (2) [that] the defendant’s action ... constitute^] obstruction or resistance of that lawful duty.” P.B. v. State, 899 So.2d 480, 482 (Fla. 3d DCA 2005)(finding that a juvenile resisted an officer without violence by not stopping when ordered to do so by an officer trying to conduct an investigatory stop); see also N.H. v. State, 890 So.2d 514, 516-17 (Fla. 3d DCA 2005)(finding that a juvenile resisted an officer by refusing to identify himself and allow officers to conduct an investigation); H.A.P. v. State, 834 So.2d 237, 239 (Fla. 3d DCA 2002)(holding that a juvenile resisted an officer without violence by refusing to leave an area where the SWAT team was conducting a search). Section 843.02 is intended to apply when a person willfully interferes with an officer’s lawful activities. N.H., 890 So.2d at 516. However, inaction can constitute interference under section 843.02. K.A.C. v. State, 707 So.2d 1175, 1177 (Fla. 3d DCA 1998)(finding that a juvenile’s refusal to identify himself and his school upon request by an officer constitutes an inaction and resisting an officer without violence).
On appeal, J.M. does not dispute that there was sufficient evidence to establish that Officer Williams was engaged in the lawful execution of a legal duty. Instead, J.M. contends that he did not resist Officer Williams’ execution of that legal duty. We find that there was sufficient evidence to support the trial court’s finding that J.M. resisted Officer Williams without violence. Officer Williams testified that he told the crowd to leave the park and that he observed J.M. in the park after issuing these orders. Officer Williams further testified that other individuals in the crowd heard the officers’ commands to leave the park and complied with their instructions. Clearly, J.M. remained in the park, as evidenced by him approaching Officer Williams to aid his brother. Therefore, J.M.’s presence in the park after the orders to leave was sufficient to support the trial court’s order finding him delinquent for violating section 843.02. Because there was sufficient evidence to support the charges against J.M., the trial court correctly denied J.M.’s motion for judgment of acquittal.
Accordingly, we affirm the trial court’s order finding J.M. delinquent for resisting an officer without violence and the trial court’s denial of J.M.’s motion for judgment of acquittal.
Affirmed.

.The trial court noted that these facts were not the basis of J.M.’s adjudication because they were not pled in the charging document.

. J.M. was acquitted of the charge of disorderly conduct.

. The defense did not present any evidence.