76 So.3d 1093 (2011)
C.W., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D10-1591.
District Court of Appeal of Florida, Third District.
December 28, 2011.
*1094 Carlos J. Martinez, Public Defender, and Howard Blumberg, Public Defender, and Courtney A. Deblis and Kathryn M. Winkler, Certified Legal Interns, for appellant.
Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, and Jeffrey H. Siegal, Certified Legal Intern, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
SUAREZ, J.
C.W., a juvenile, appeals from an order denying his motion for judgment of dismissal and adjudication of delinquency. We reverse, and remand with instructions to discharge the adjudication of delinquency.[1]
C.W. was initially charged with disorderly conduct and resisting arrest without violence.[2] The underlying basis for the arrest was the alleged disorderly conduct, which in turn arose from an uncharged violation of section 316.2045, Florida Statutes (2010), a pedestrian infraction for obstructing traffic. The uncharged traffic obstruction offense was premised upon appellant's act of standing in the road, a couple of feet from the swale, and refusing to move off of the street when the officer asked him to, although the record also shows that there was no traffic on the street at the time. The record does reveal *1095 that C.W. was talking to another boy, his cousin, when they saw the police car slowly approaching. The officers veered slightly around the kids, and asked them to move out of the roadway. When they did not, the officers parked, approached the boys and ordered them to move out of the road and onto the unpaved swale. At this point, the record shows that C.W. refused to step out of the street and used profanity. The officers then arrested him.
The record does not show that C.W. was ever given a citation for the pedestrian violation and it is not cited as a basis for the arrest. The Petition for Delinquency only states that C.W. failed "to follow the order of said officer to get out of the street where traffic was moving...."[3] Although he was arrested for disorderly conduct, neither the record nor the Petition for Delinquency show that C.W. was prosecuted for disorderly conduct.[4] The only charge for which Appellant was adjudicated delinquent was the charge of resisting an officer without violence in violation of section 843.02, Florida Statutes (2007).[5]
To convict a defendant of obstructing or resisting an officer without violence, the State must prove two elements: (1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant's action constituted obstruction or resistance of that lawful duty. J.P. v. State, 855 So.2d 1262, 1265-66 (Fla. 4th DCA 2003); Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999). The State fails to sustain either element.
The evidence does not support a conclusion that the officers were engaged in the lawful execution of a legal duty with their initial request that C.W. step out of the street. The case law provides that "legal duties" include (1) serving process; (2) legally detaining a person; or (3) asking for assistance in an emergency situation, or (4) impeding officers' undercover activities by acting as a "lookout" during the commission of a criminal act. See, e.g., Davis v. State 973 So.2d 1277 (Fla. 2d DCA 2008); Jay, 731 So.2d at 775; Porter v. State, 582 So.2d 41, 42 (Fla. 4th DCA 1991). Although this is not an exhaustive list, it is clear that there is a difference between an officer who is engaging in the lawful execution of a legal duty, and a police officer who is merely on the job. See, e.g., Jay, 731 So.2d at 776; D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995). The officers' initial request that C.W. move a de minimus distance out of the road was a reasonable part of their job as community safety officers.[6] But the officers had no legal duty to insist on compliance and to *1096 enforce that insistence with arrest where the record shows that there were no circumstances warranting this. See K.A. v. State, 12 So.3d 869 (Fla. 4th DCA 2009) (holding that there was no evidence of trespass sufficient to sustain charge of resisting arrest). Here, there is no evidence that C.W. actually interfered with traffic, and the mere potential to interfere with traffic is insufficient to justify the officers' actions. Cf. Underwood v. State, 801 So.2d 200, 202 (Fla. 4th DCA 2001) (holding that an officer lacked probable cause to stop the defendant for obstruction of traffic because there was no evidence that the defendant actually hindered or endangered the normal use of the street or had the intent to do so).
Moreover, in evaluating a citizen's verbal response to a police officer, it is understandable that a police officer in good faith may see an obstruction where another citizen sees an appropriate protest. D.G. v. State, 661 So.2d at 75; see L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995). "If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction." D.G., 661 So.2d at 76. The fact that the incident may have attracted the attention of onlookers, without more, is insufficient to support a charge of disorderly conduct. See Fields v. State, 24 So.3d 646 (Fla. 3d DCA 2009); K.S. v. State, 697 So.2d 1275 (Fla. 3d DCA 1997). The record facts in C.W.'s case do not support a finding of disorderly conduct or obstruction of a legal duty.
"If an arrest is not lawful, then a defendant cannot be guilty of resisting it... the common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence." Jay, 731 So.2d at 775. We therefore reverse the order denying C.W.'s motion for judgment of dismissal, and remand with instructions to dismiss the adjudication of delinquency and to correct the juvenile's post-adjudication records accordingly.
Reversed and remanded.
LAGOA, J., concurs.
ROTHENBERG, J., (dissenting).
C.W. was adjudicated delinquent after an adjudicatory hearing for the offense of resisting an officer without violence in violation of section 843.02, Florida Statutes (2010), based on his refusal to follow the police officers' lawful order to move out of the street and his subsequent resistance during his arrest. Because the arresting officers observed C.W. committing a pedestrian violation, obstruction of a public street or road in violation of section 316.2045, Florida Statutes (2010), the officers were engaged in the lawful execution of their legal dutyto enforce the traffic laws of this statewhen they ordered C.W. to step out of the street. When C.W. repeatedly refused to move out of the street, became belligerent and began cursing at the officers, causing a crowd to form, the officers had probable cause to arrest C.W. for resisting an officer without violence. Thus, the trial court's order denying C.W.'s motion for judgment of dismissal and adjudicating C.W. delinquent should be affirmed.
The record reveals that C.W. wanted to ride his ripstick on the street because the sidewalk was unpaved gravel and therefore, unfit for such activity. When Officers Leonardo Sosa and Kermain Kerlus, who were riding in one marked police vehicle, and another officer in a separate marked unit drove past C.W., C.W. and his *1097 cousin were standing in the roadway talking. C.W. and his cousin were far enough into the roadway, approximately one-and-a-half to two feet, that the officers had to maneuver around them to avoid hitting them. As Officers Sosa and Kerlus drove around C.W. and his cousin, they instructed them to move out of the roadway. When C.W. did not comply, the officers stopped and exited their vehicle, approached C.W. and his cousin, and instructed them to move out of the roadway. C.W. continued to disobey the officers' lawful commands, became belligerent and began yelling and cursing at the officers, causing a crowd to gather. When neither the officers nor C.W.'s cousin were able to calm C.W. down or get him to follow the officers' instructions, C.W. was arrested.
Section 843.02, the resisting without violence statute, provides, in pertinent part, that "[w]hoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree...." To support a conviction for violation of section 843.02 for obstruction without violence, the State must prove: "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). C.W.'s refusal to obey the officers' orders to step out of the roadway, while yelling and cursing at the officers, causing a crowd to gather, clearly constitutes "obstruction," and thus satisfies the second element. The issue in this appeal is whether the officers were engaged in the lawful execution of a legal duty when they ordered C.W. to step out of the roadway.

THE OFFICERS WERE ENGAGED IN THE LAWFUL EXECUTION OF A LEGAL DUTY
Contrary to the majority opinion, the officers were engaged in the lawful execution of a legal duty: to enforce the traffic laws of this state. Also contrary to the majority opinion, which premises its reversal on its incorrect supposition that "there is no evidence that C.W. actually interfered with traffic," there was evidence presented that C.W. was standing in the roadway actually interfering with traffic and, therefore, was violating the law, which is what precipitated law enforcement's interaction with C.W. The specific law C.W. was violating was section 316.2045.
Section 316.2045(1), titled "Obstruction of public streets, highways, and roads," provides as follows:
It is unlawful for any person or persons willfully to obstruct the free, convenient, and normal use of any public street, highway, or road by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon; and any person or persons who violate the provisions of this subsection, upon conviction, shall be cited for a pedestrian violation, punishable as provided in Chapter 318.
Despite, the majority's contrary conclusion, the record clearly reflects that C.W. violated section 316.2045(1). It is undisputed that C.W. was standing in the roadway, obstructing "the free, convenient and normal use" of that roadway by "impeding, hindering, stifling, retarding, or restraining traffic or passage thereon." § 316.2045(1). Officer Sosa testified:
A: They were blocking the flow of traffic.
. . . .

*1098 Q: When you first pulled up and you saw him in the roadway, did you have to move your car to avoid hitting him?
A: Yes, yes. I had to move.
Q: Is that why you initially asked him to move?
A: Yes.
....
Q: But when you initially approached did you have to divert your car?
A: Yes, correct.
Q: Was he far enough into the road that if other cars were to come they would have to divert their cars?
A: Yes.
Q: Did other cars eventually come?
A: Yes
Q: Where they were driving, would they have had to divert from, to avoid hitting him?
A: Yes.
Officer Kerlus' testimony was consistent with Officer Sosa's testimony, and C.W., who testified, did not dispute this testimony. Thus, the basis for the majority's reversal, that the officers were not engaged in the lawful execution of a legal duty because "there is no evidence that C.W. actually interfered with traffic, and the mere potential to interfere with traffic is insufficient to justify the officers' actions," disregards and is contrary to the evidence presented.
The majority's reliance on Underwood v. State, 801 So.2d 200 (Fla. 4th DCA 2001), is also misplaced. In Underwood, the Fourth District held that the officer lacked probable cause to stop the defendant for obstruction of traffic because there was no evidence that the defendant actually hindered or endangered the normal use of the roadway. Id. at 202. The evidence in Underwood was that "[a]s soon as the officer's vehicle approached, appellant moved forward, allowing the officer to continue his travel along the street without having to stop or drive around appellant's vehicle." Id. at 203. Unlike Underwood, the evidence in this case is that C.W. actually obstructed the "free, convenient, and normal use" of the roadway "by impeding, hindering, stifling, retarding, or restraining traffic" because the officers in two separate vehicles had to swerve around C.W. to avoid hitting him. C.W.'s obstruction was also willful because he refused to move out of the roadway, and the officers testified that additional traffic, which appeared after C.W. was forcibly removed from the roadway, would have been equally impeded by C.W.'s refusal to move.
The majority relies on Underwood, which has no application in this case, and fails to mention Reid v. State, 898 So.2d 248 (Fla. 4th DCA 2005), a case in which the Fourth District distinguished its holding in Underwood, and which is applicable to the facts in the instant case. In Reid, the Fourth District stated the following:
The trial court properly determined that appellant's conduct in parking his vehicle in the roadway near an intersection and causing another vehicle to drive around appellant's vehicle provided probable cause for the traffic stop. The facts in this case show an intent to impede or hinder the free flow of traffic, thus distinguishing this case from Underwood v. State, 801 So.2d 200 (Fla. 4th DCA 2001) (holding that the arresting officer did not have probable cause to stop the defendant for obstructing traffic because there was no evidence of intent to impede or hinder traffic where the vehicle was only briefly stopped in the roadway and the officer approaching the vehicle from behind did not have to stop or drive around the defendant's vehicle).
*1099 Reid, 898 So.2d at 249. Thus, as the Fourth District makes clear, where the defendant's willful conduct impedes the normal flow of traffic and causes a vehicle to drive around him or his vehicle, he is guilty of obstruction pursuant to section 316.2045. Because: (1) the evidence is uncontroverted that C.W.'s conduct standing in the roadwayimpeded the normal flow of traffic and caused at least two vehicles to drive around C.W. to avoid hitting him; and (2) the officers were engaged in the lawful execution of their legal dutyenforcing the traffic laws of this statewhen they ordered C.W. to step out of the roadway, the officers possessed probable cause to arrest C.W. when he refused to obey their lawful command.

C.W.'S REFUSAL TO OBEY LAW ENFORCEMENT'S LAWFUL COMMAND
C.W.'s refusal to obey the lawful order to move out of the roadway clearly constituted "obstruction," thus also satisfying the second element of section 843.02. As this Court noted in N.H. v. State, 890 So.2d 514, 516 (Fla. 3d DCA 2005), "[section 843.02] is unambiguous. It is intended to apply to any situation where a person willfully interferes with the lawful activities of the police. Nothing indicates that it applies only when police are arresting a suspect, nor does the case law support such a narrow construction of the statute."
In N.H., this Court upheld the adjudication of delinquency for resisting an officer without violence on facts similar to the instant case. While investigating a "`loud yell' emanating from a female voice in the school parking lot," N.H. became agitated, cursed at the officers, and was otherwise disruptive, and refused to identify himself, sit down, or answer any other questions. Id. at 515. The fact that the police did not have probable cause to arrest N.H. at the time he was initially "stopped" was found to be of no consequence because the officers were engaged in the lawful exercise of a legal duty at the time he resisted or obstructed their efforts. Id. at 517.
Similarly, in K.A.C. v. State, 707 So.2d 1175, 1177 (Fla. 3d DCA 1998), this Court found that because law enforcement saw K.A.C., who appeared to be of school age, walking away from a school, and they had a legal duty to determine if K.A.C. was truant, and if so, to transport him to school, K.A.C. was under a legal obligation to answer the officers' questions. Because K.A.C. refused to provide information or answer there questions, this Court found that there was sufficient evidence to support K.A.C.'s adjudication of delinquency for the offense of resisting an officer without violence.
Even more on point is J.M. v. State, 960 So.2d 813, 815 (Fla. 3d DCA 2007), where this Court noted that "inaction can constitute interference under section 843.02." In J.M., the officers attempted to disperse a crowd which had formed in a park to watch a fight between two girls. Although the officers repeatedly ordered the crowd to leave, J.M.'s brother refused to leave and he was arrested. When J.M. also failed to comply, he too was arrested for resisting an officer without violence. This Court affirmed, finding that J.M.'s presence in the park after orders to leave was sufficient to support an adjudication of the charge. Id.; see also Zivojinovich v. Barner, 525 F.3d 1059, 1071 (11th Cir.2008) (finding that the deputies were lawfully executing their legal duty by informing Zivojinovich that he was not allowed on the Ritz's Carlton's property, ordering him to sit down while they issued him a warning, and escorting Zivojinovich off the property; holding that because Zivojinovich disobeyed the deputies' commands to sit down, the deputies had probable cause to *1100 arrest Zivojinovich for resisting an officer without violence); P.B. v. State, 899 So.2d 480, 482 (Fla. 3d DCA 2005) (finding juvenile resisted an officer without violence by not stopping when ordered to do so by an officer trying to conduct an investigation); H.A.P. v. State, 834 So.2d 237, 239 (Fla. 3d DCA 2002) (holding that juvenile resisted an officer without violence by refusing to leave an area where the SWAT team was conducting a search); Simeon v. State, 778 So.2d 455, 455 (Fla. 4th DCA 2001) (providing false information to non-arresting officer sufficient to support a violation of section 843.02).

CONCLUSION
The arresting officers observed C.W. committing a violation of section 316.2045 by standing in the roadway obstructing the normal flow of traffic. His conduct was willful because when he was asked to move off of the roadway, he refused to do so. The officers, who have a duty to protect the public and enforce the law, were engaged in the lawful execution of that duty when they exited their vehicles and repeatedly ordered C.W. to move out of the roadway. When C.W. refused to comply with the officers' lawful orders, the officers properly arrested him for resisting an officer without violence pursuant to section 843.02. Thus, the trial court did not err in adjudicating C.W. delinquent as to that charge, and that finding must be affirmed.
NOTES
[1] In juvenile proceedings, a motion for judgment of acquittal is actually referred to as a motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). However, the same de novo standard of review that applies to a motion for judgment of acquittal applies to a motion for judgment of dismissal because the motion tests the legal sufficiency of the state's evidence. See A.A.R. v. State, 926 So.2d 463, 465 (Fla. 4th DCA 2006).
[2] C.W. was arrested on March 18, 2010; the docket for this date shows him as charged only with disorderly conduct and resisting arrest without violence. The sole charge that appears in the March 19, 2010, Petition for Delinquency, however, is that of resisting arrest without violence.
[3] This contradicts later testimony from both officers and C.W., all of whom consistently testified that there was no traffic on the road until after C.W. had been arrested.
[4] There was no charge of disorderly conduct cited or referenced in the March 19, 2010, Petition for Delinquency. Although the Petition for Delinquency does not show a charge for disorderly conduct, the docket and the post-adjudication documents still erroneously show the unprosecuted disorderly conduct charge.
[5] Section 843.02 states in pertinent part that:

Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[6] Q. Okay. It may be obvious, but one question. Why did you initially tell him [the defendant] to get off the road?"

A. [Officer Kurless]: Well for his safety, because cars be [sic] coming down the road and he could get hit, so we just told him to kind of step off to the side of the road."