DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ROBERT BODRATO,**
Appellee.

No. 4D22-334

[August 24, 2022]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ginger Lerner-Wren, Judge; L.T. Case No. 21-2882MU10A.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellant.

Gordon Weekes, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for appellee.

PER CURIAM.

The State appeals a trial court's order granting Robert Bodrato's ("defendant") motion to suppress where the defendant argued that he was unlawfully detained prior to a DUI investigation after an officer required that he exit his vehicle.

We reverse and remand for further proceedings because the officer was justified in requiring the defendant to exit his vehicle after responding to a welfare check when the defendant was observed to be sleeping behind the wheel of his parked vehicle, which was partially obstructing traffic. Once the officer observed this traffic infraction, the officer was authorized to require the defendant to exit his vehicle. Contrary to the defendant's argument, he was not seized without cause.

The officer's initial encounter with defendant began after the officer was called to conduct a welfare check on the defendant. Upon arriving at the scene, the officer observed the vehicle, which was stopped underneath an overpass, "[o]bstructing traffic, half of the vehicle was . . .

in the traffic lane, and then part of it was off of the shoulder." The officer wore a body-camera device which captured the interaction. After the officer knocked on the car window, the defendant woke up. The officer asked the defendant to open the door and turn off the vehicle. While speaking with the defendant, the officer smelled the odor of alcohol on the defendant's breath, and he observed that the defendant's speech was slurred, and his eyes were bloodshot and glassy.

After asking if the defendant needed medical treatment, to which the defendant responded that he did not, the officer asked the defendant to exit the vehicle. When the defendant stepped out, the officer observed that he stumbled and leaned on the vehicle for support. At that point, the officer called for a DUI unit based on his reasonable suspicion that the defendant was impaired. After officers conducted field sobriety exercises, the defendant was ultimately arrested for DUI and issued a traffic citation for the violation relating to obstructing traffic.

The defendant subsequently filed a motion to suppress arguing that he was unlawfully detained prior to the DUI investigation. He argued that he was immediately seized without cause once the officer required him to exit his vehicle. He further asserted that the responding officer was merely present on the scene as a safety measure to check on the defendant's well-being, but that he exceeded the scope of the welfare check.

Following a hearing, the trial court granted the motion to suppress determining that the detention was unlawful, and that the officer lacked the authority to require the defendant to exit his vehicle.

Despite the State's emphasis during the hearing that the defendant had committed a traffic infraction, the trial court expressly rejected that fact, stating that it did not matter, and that the court did not think this situation was any different from cases where there was no traffic infraction.

On appeal, the State maintains that the trial court erred in granting the motion as the defendant was lawfully detained because his initial detention, and the officer's request that he exit the vehicle, was warranted based on the traffic infraction. In response, the defendant argues that the officer exceeded the scope of the permissible welfare check without reasonable suspicion.

In reviewing a trial court's order on a motion to suppress, we defer to the trial court's factual findings, but review legal conclusions de novo.

*Backus v. State*, 864 So. 2d 1158, 1159 (Fla. 4th DCA 2003) (citation omitted).

In *Mendez v. State*, 678 So. 2d 388 (Fla. 4th DCA 1996), we affirmed an order denying a motion to suppress where we determined that an officer acted within the scope of his authority in requiring the defendant to exit his vehicle where the defendant was observed stopped in the middle of three lanes of traffic. *Id.* at 389. We explained that "*[t]he key to whether the officer acted in violation of the Fourth Amendment is whether the officer had the authority to order defendant out of his vehicle.* This is because once defendant exited his vehicle, probable cause developed for a DUI arrest . . . ." *Id.* (emphasis added).

We further explained, "[b]ecause [the defendant's] minivan was a disabled vehicle obstructing traffic, defendant could be legally detained for a traffic violation, *and the officer was thus authorized to order defendant to exit the vehicle.*" *Id.* at 390. (emphasis added); *see also Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977) ("Against this important interest we are asked to weigh the intrusion into the driver's personal liberty occasioned not by the initial stop of the vehicle, which was admittedly justified, but by the order to get out of the car. We think this additional intrusion can only be described as *de minimis*."); *Reid v. State*, 898 So. 2d 248, 249 (Fla. 4th DCA 2005) (explaining that once a defendant is lawfully stopped for a traffic violation, an officer is authorized to order him out of the vehicle) (citation omitted).

Here, similarly, the officer was justified in requiring the defendant to exit his vehicle because he was observed committing a traffic infraction. Further, as in *Mendez*, once the defendant exited his vehicle, probable cause developed for a DUI arrest, and the ensuing DUI investigation was therefore lawful.

The cases on which the defendant relies are inapplicable as those cases involved vehicles which were lawfully parked. *See, e.g., State v. Brumelow*, 289 So. 3d 955, 956 (Fla. 1st DCA 2019) (analyzing whether officers exceeded the scope of a welfare check and noting that that the individuals, who were the subject of the check, were in a legally parked car); *Gentles v. State*, 50 So. 3d 1192, 1195 (Fla. 4th DCA 2010) (involving a vehicle that was legally parked in a mall parking lot); *Greider v. State*, 977 So. 2d 789, 791 (Fla. 2d DCA 2008) (concerning a vehicle parked in a legal parking space).

3

Here, the trial court erred by disregarding the fact that the defendant had committed a traffic infraction such that the officer was justified in requiring him to exit his vehicle.

Accordingly, we reverse the order granting the motion to suppress.

*Reversed and remanded for further proceedings.*

CIKLIN, GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4