SHARP, W„ J.
The State of Florida seeks certiorari review of the circuit court’s order which denied the state’s motion to compel a witness (an employee of respondent) to testify about a incident that took place at the Center For Drug Free Living, which involved a client of the Center. The trial court ruled that the applicable state and federal statutes only require an employee of a drug treatment facility to disclose information regarding a drug-related offense when ordered to do so by a court, and that reports regarding drug offenses committed at the Center must be made solely to the drug court, not to the police. We agree with the trial court’s ruling, and deny the writ.
This cause arose out of a report given to the Orlando Police Department on December 9, 2002, that a client at the Center possessed drugs. The Center is funded by both state and federal funds. The state attorney’s office issued investigative subpoenas to several Center employees. One witness who appeared pursuant to the subpoena was instructed by her attorney not to answer questions regarding the drug incident because that information was confidential pursuant to Chapter 42 C.F.R., Part 2. The state filed a motion in the circuit court to compel the witness to answer. The Center objected, claiming that under federal law, its employees should not be compelled to disclose this information under the circumstances of this case.
The primary basis for the trial court’s ruling is 42 U.S.C. § 290dd-2(a), part of the Federal Comprehensive Alcohol Abuse *179 and Alcoholism Prevention, Treatment and Rehabilitation Act. It provides:
Records of the identity, diagnosis, prognosis or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly allowed under subsection (b) of this section.
Subsection (b) allows disclosure based on the written consent of the patient, but only to the extent allowed by regulation. It also allows disclosure if authorized by a court order “granted after an application showing good cause therefor, including the need to avert substantial risk of death or serious bodily injury.” 42 U.S.C. § 290dd-2(b)(2)(c). In reviewing such applications for a court order, the court “shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and the treatment service.” Id.
In this case, there was no court order. In denying the state’s application for a court order, the trial court weighed the competing state interest in investigating criminal activity against the importance of safeguarding the confidentiality of persons in drug treatment centers, to preserve and protect their effectiveness. The court stated, “[I]f drug-addicted patients could be taken by the police and delivered to regular criminal court for the crime of possession of drugs, the treatment-based intervention program would be rendered meaningless.” The court also said:
[A] patient’s abstinence — or lack thereof — is to be considered by the drug court as it monitors an individual’s treatment. It is clearly the drug court’s place to decide whether a patient has failed in the program and, as a consequence, should be turned over to the justice system to face criminal charges.
The court concluded that:
In applying the balancing test in 42 U.S.C. sec. 290dd-2(6)(2)(c) ... society’s interest in preserving programs that divert drug offenders into treatment and its interest in addressing the ‘cycle of addiction’ before the offender becomes irretrievably buried in the criminal justice system, far outweigh [sic] state’s interest in investigating the crime of drug possession on drug clinic premises.
The state argues that section 290dd does not apply in this case because the information sought is not part of the patient’s record, but rather is merely the observations of the employee of a crime, and has nothing to do with treatment, diagnosis or referral for treatment. See, e.g., State v. Brown, 376 N.W.2d 451 (Minn.App.1985) (counselor’s personal observations are not confidential patient records within meaning of statute); State v. White, 169 Conn. 223, 363 A.2d 143 (1975) (observations of person undergoing drug treatment, even if put on paper, are not elevated to status of confidential record). Subsection (c) of 42 U.S.C. § 290dd-2 provides that, except as authorized by court order, no record under subsection (a) may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient.[1]
*180 The regulations enacted to carry out the purpose of this statute define “records” very broadly. 42 C.F.R. § 2.11 defines records as “any information, whether recorded or not, relating to a patient received or acquired by a federally assisted alcohol or drug program.” In addition, 42 C.F.R. § 2.12(a) provides that restrictions on disclosure apply to any information, whether or not recorded, which would identify a patient as an alcohol or drug abuser, directly or indirectly, and is drug-abuse information obtained by a federally assisted program “for the purpose of treating alcohol or drug abuse, making a diagnosis for that treatment or making a referral for that treatment.” Similarly, 42 C.F.R. § 2.12(b) provides that restrictions on the use of information to initiate or substantiate any criminal charge against a patient apply to information, whether or not recorded, obtained in a program for the purpose of treating alcohol or drug abuse, making a diagnosis or making a referral for treatment.
Considering the broad language used in the regulations and the manner in which such substance abuse programs are designed, observations of patients or clients in such programs are “records” and thus subject to the confidentiality restrictions. Such programs necessarily involve monitoring drug use and/or abstinence, and include such things as urinalysis tests and searches for controlled substances.
The state also argues that an exemption in 42 C.F.R. § 2.12(c)(5) applies in this case. That regulation exempts from the restrictions on confidentiality “communications from program personnel to law enforcement officers which are directly related to a patient’s commission of a crime on the premises of the program or against program personnel or to a threat to commit such a crime.” This regulation implements section 2.65(a), which allows a person conducting an investigation with respect to the enforcement of criminal laws to apply for an order authorizing disclosure of patient records after notice to the person holding the records has had an opportunity to be heard and represented. Subsection (d) of 42 C.F.R. § 2.65 provides:
A court may authorize the disclosure and use of patient records for the purpose of conducting a criminal investigation or prosecution of a patient only if the court finds that all of the following criteria are met:
(1) The crime involved is extremely serious, such as one which causes or directly threatens loss of life or serious bodily injury including homicide, rape, kidnap-ing, armed robbery, assault with a deadly weapon, and child abuse and neglect.
(2) There is a reasonable likelihood that the records will disclose information of substantial value in the investigation or prosecution.
(3) Other ways of obtaining the information are not available or would not be effective.
(4) The potential injury to the patient, to the physician-patient relationship and to the ability of the program to provide services to the other patients is outweighed by the public interest and the need for the disclosure.
(5) If the applicant is a person performing a law enforcement function that:
(I) The person holding the records has been afforded the opportunity to be represented by counsel independent of the applicant; and
(ii) Any person holding the record which is an entity within Federal, State, or local government has in fact been represented by counsel independent of the applicant.
*181 As explained in Mosier v. American Home Patient, Inc., 170 F.Supp.2d 1211 (N.D.Fla.2001), the purpose of the statute and regulations prohibiting disclosure of records relating to substance abuse treatment, except with the patient’s consent or a court order after good cause is shown, is to encourage patients to seek substance abuse treatment without fear that by doing so, their privacy will be compromised. In addition, in Whyte v. Connecticut Mutual Life Ins. Co., 818 F.2d 1005, 1010 (1st Cir.1987), the court noted that confidentiality is necessary to ensure successful treatment, because without a guarantee of confidentiality, many individuals with substance abuse problems would be reluctant to participate fully in treatment programs. See also Fannon v. Johnston, 88 F.Supp.2d 753, 758 (E.D.Mich.2000) (purpose of 290dd is to encourage patients to seek treatment for substance abuse without fear that by doing so their privacy will be compromised).
However, as explained in U.S. ex rel. Chandler v. Cook County, Ill., 277 F.3d 969 (7th Cir.), cert granted, 536 U.S. 956, 122 S.Ct. 2657, 153 L.Ed.2d 833 (2002), it is not only the privacy rights of the individual patients at stake, but also the continued effectiveness and viability of substance treatment programs. See also Briand v. Lavigne, 223 F.Supp.2d 241 (D.Me.2002) (ensuring confidentiality of patient records encourages voluntary participation in substance abuse programs which in turn benefits public health). Therefore, it is clear that the privilege provided by 290dd is a strong one and is not to be lightly set aside. See Mosier, Fannon, swpra.
Accordingly, the foregoing exceptions only authorize disclosure of records for the purpose of conducting a criminal investigation if the crime is extremely serious and the other criteria of the statute are met. The state admits that the alleged crime sought to be investigated in this case does not meet the first criteria. Although the regulation is broader in scope than the statute, a reasonable interpretation of the exception is that the employees of a treatment center would not be subject to criminal fines if they cooperate with law enforcement, but they need not do so. In fact, 42 C.F.R. § 2.3(b) states that where disclosure is authorized under certain circumstances, nonetheless disclosure is not compelled.
The state also argues the state and federal regulations should not be read to bar legitimate investigations of crimes committed at such centers, because 42 C.F.R. § 2.35 permits disclosure of such information to the criminal justice authority which referred the patient as a condition of the disposition of any criminal proceedings. However, that section provides the disclosure must be made only to those who need the information in order to monitor the patient’s progress, such as prosecutors, courts, and probation officers, and when the patient has signed a consent. The person receiving the information can only disclose or use the information to carry out duties relating to the patient’s conditional release.
As noted by the trial court, this latter provision fits with the Florida Legislature’s concept of how to deal with substance abusers, as embodied in section 397.334, Florida Statutes (2002). That statute requires each circuit to create a treatment based drug court program to provide treatment plans tailored to the individual needs of the participants. The purpose of the drug court program is to attempt to reduce crime and recidivism by breaking the cycle of addiction. § 397.344(1), Fla. Stat. (2002).
*182 The Legislature recognized when it created substance abuse intervention programs that the integration of judicial supervision, including treatment, accountability and sanctions, greatly increases the effectiveness of substance abuse treatment. Should the drug court determine that an individual has not successfully completed the drug treatment program, the court can either extend the treatment or return the individual to the criminal docket for prosecution. § 948.16, Fla. Stat. (2002).
In Rehabilitative Punishment and the Drug Treatment Court Movement, 76 Wash. U.L.Q. 1205 (1998), the author, Richard C. Boldt, explains that in the drug treatment court, the offenders have an incentive to participate, because if they succeed they avoid the possibility of lengthy incarceration, but if they stumble, they face a system of graduated penalties, such as more frequent court hearings, increased drug testing and even short periods of incarceration known as “shock incarceration.” “Because recovery from addiction often involves a pattern of missteps and temporary setbacks by the substance abuser, observers think this array of gradually increasing penalties is a better match for the therapeutic goals of the system than the usual all-or-nothing approach found in most criminal sentencing and parole revocation decisions.” Id. at 1211.
If a prosecutor not assigned to the drug court is allowed to obtain confidential information about patients for use in prosecuting them, the cooperative effort between the prosecutor, the defense attorney and the treatment program, as well as the supervisory authority of the drug court judge, is thwarted, if not totally undone.
Petition for Writ of Certiorari DENIED.
PALMER, J., concurs.
SAWAYA, J., concurs in result only.

. The prohibition continues regardless of whether the individual who was a patient continues to be a patient. 42 U.S.C. § 290ee-3(d).