973 So.2d 1277 (2008)
Brian. Keith DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-461.
District Court of Appeal of Florida, Second District.
February 20, 2008.
*1278 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Brian Keith Davis seeks review of his judgment and sentence for resisting an officer without violence. Davis argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence to show that the officers who detained him were engaged in the lawful execution of a legal duty. We agree that without information regarding the nature of the complaint the officers were investigating, there was not sufficient evidence that the officers were engaged in the lawful execution of a legal duty.
The State presented testimony that Officers Rizer and Milam with the Seminole Police Department for the Seminole Indian tribe went to the Seminole Hard Rock Casino to investigate a "suspicious incident" reported by employees of the Green Room Restaurant. Upon arriving at the restaurant, the officers were briefed by two security officers. Officer Milam then talked to the employees who made the complaint. The employees pointed out Davis, who was seated at a table in the restaurant. Both officers were wearing Seminole Police Department uniforms, and they identified themselves as such.
Officer Milam asked Davis to move from the table where he had been sitting to a closed off portion of the restaurant. Davis complied, but quickly became agitated. Davis told the officers that he had to go to the restroom and that he wanted to finish his food. The officers told Davis to relax and remain seated, but Davis jumped out of his seat and pushed Officer Rizer into some tables. As he was falling, Officer Rizer grabbed Davis' shirt. Officer Milam grabbed Davis, and they fell to the floor. Davis was "squirming around" and struggling while they were putting him in handcuffs. The officers arrested Davis for battery and resisting an officer with violence.
The State charged Davis with two counts of battery on a law enforcement officer and resisting an officer with violence. The jury returned a verdict finding Davis not guilty of one of the counts of battery on a law enforcement officer, but they could not reach a verdict on the other battery count. The jury also found Davis guilty of the lesser offense of resisting an officer without violence. The court sentenced Davis to 364 days in county jail for resisting an officer without violence, and the State dismissed the remaining battery charge.
On appeal, Davis argues that the trial court erred in denying his motion for judgment of acquittal because the State did not establish that the officers were engaged in the lawful execution of a legal duty. Davis claims that the State was required to show that the officers had a *1279 reasonable suspicion of criminal activity that would support the detention of Davis in order to establish that the officers were engaged in the lawful execution of a legal duty. The State argues that it was sufficient for the State to establish that the officers were responding to a complaint by the employees of the Green Room Restaurant.
This court will affirm the denial of a motion for judgment of acquittal if the verdict is supported by competent, substantial evidence. Fitzpatrick v. State, 900 So.2d 495, 507 (Fla.2005). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Id. One element of the crime of resisting an officer without violence is that the officer was engaged in the lawful execution of a legal duty. § 843.02, Fla. Stat. (2005).
In determining whether an officer was engaged in the lawful execution of a legal duty, we must apply the legal standards governing the officer's duty at the point that the resistance occurs. See Tillman v. State, 934 So.2d 1263, 1271 (Fla. 2006). In cases involving an investigatory detention, it is necessary for the State to prove that the officer had a reasonable suspicion of criminal activity that would support the detention. Id.; see also J.H.M. v. State, 945 So.2d 642, 645 (Fla. 2d DCA 2006); J.R.P. v. State, 942 So.2d 452, 453-54 (Fla. 2d DCA 2006); Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001); S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995).
In this case, the State presented evidence that the officers were responding to a complaint of a "suspicious incident" by employees of the Green Room Restaurant. The State also presented evidence that the employees stated that Davis was involved in the incident. However, the State did not present any evidence regarding the substance of that complaint or the "suspicious incident." Therefore, the State did not establish any basis for a reasonable suspicion of criminal activity by Davis.
We reject the State's argument that it established the element of a lawful execution of a legal duty with testimony that the officers were responding to a complaint by the employees of the Green Room Restaurant. The fact that an employee on private property makes a complaint to the police does not vitiate the requirement that a detention to investigate the complaint be supported by reasonable suspicion of criminal activity. Without information regarding the nature of the complaint the officers were investigating, there was no way to determine whether the officers were engaged in the lawful execution of a legal duty when they detained Davis to investigate the complaint.
We conclude that the State did not establish a prima facie case of resisting an officer without violence. We note that there are no applicable lesser-included offenses for which we could direct a judgment. See § 924.34, Fla. Stat. (2005). We therefore reverse Davis' conviction for this crime and remand with instructions for the court to discharge him.
Reversed and remanded.
CANADY and VILLANTI, JJ., Concur.