974 So.2d 1164 (2008)
STATE of Florida, Appellant,
v.
Meghan D. RUDY, Appellee.
No. 4D06-4924.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
No brief filed for appellee.
MAY, J.
The State appeals an order suppressing treatment records from a substance abuse treatment program that the defendant was ordered to attend as a special condition of her probation. The State had attempted to use the records in a violation of probation hearing. It argues that the trial court erred in suppressing the records. We agree and reverse.
The defendant entered a no contest plea to charges of possession of heroin and drug paraphernalia. The trial court withheld adjudication on the heroin charge and placed the defendant on drug offender probation with the special condition of completing a program at the Counseling and Recovery Center.
Subsequently, her probation officer filed an affidavit of violation of probation, which the defendant admitted. The negotiated plea to the violation required the defendant to complete the residential program at the same facility. Not long after, however, the probation officer filed yet another violation, alleging the defendant failed to pay costs of supervision and court costs and had tested positive for cocaine and opiates during a random drug urinalysis screening. In fact, the defendant admitted to the program director that she had used cocaine and opiates.
This time the defendant filed a motion to suppress her patient records and information from the treatment program. She argued that provisions of 42 U.S.C. *1166 § 290dd-2 (2007) preclude the disclosure and seizure of the information and records, and specifically prohibit their use to initiate or substantiate the alleged violation of probation. At the hearing, defense counsel argued that the records were confidential, and the written consent forms signed by the defendant failed to advise her that the records could be used against her in a prosecution by the State.
The State responded that the defendant's signed consent forms acknowledged that her urinalysis test results would be released to the Department of Corrections and the court. It argued that the State was permitted to use the records when a defendant enters into a negotiated plea where in-patient treatment is a special condition of probation and the defendant violates that probation. The State also argues that a violation of probation hearing is not the same as a criminal prosecution.
The trial court disagreed with the State and granted the motion to suppress, finding that the statute and applicable regulations prohibited the treatment records from being used. From this order, the State has appealed.
The State continues to maintain that because the defendant entered into a negotiated plea, requiring her attendance at the substance abuse treatment program as a condition of her probation, the records are not confidential. Further, the State maintains that the defendant executed two written consent forms authorizing the program to turn over the results of any drug test to the Department of Corrections and the court.[1] The State therefore concludes that the trial court reversibly erred in granting the motion to suppress. We agree.
The standard of review for a motion to suppress requires us to defer to the trial court's factual findings as long as they are supported by substantial competent evidence, but review its legal conclusions de novo. Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003). The facts are not in dispute, thereby narrowing our review to the trial court's legal conclusions.
We acknowledge that section 42 U.S.C. § 290dd-2 prohibits disclosure of records relating to substance abuse treatment, except with the patient's consent or a court order. State v. Ctr. for Drug-Free Living, Inc., 842 So.2d 177, 181 (Fla. 5th DCA 2003). Courts have recognized the essential need for confidentiality to ensure successful treatment. Id.
Nevertheless, subsection (b) allows for disclosure based on the written consent of the patient.
The content of any record referred to in subsection (a) of this section may be disclosed in accordance with the prior written consent of the patient with respect to whom such record is maintained, but only to such extent, under such circumstances, and for such purposes as may be allowed under regulations prescribed pursuant to subsection (g) of this section.
42 U.S.C. § 290dd-2(b)(1).
The trial court specifically ruled that the statute and regulations do not allow the treatment records to be used to prosecute the defendant. The court found that the *1167 written consent forms did not otherwise permit the use of those treatment records in the violation of probation hearing. We disagree with the trial court's legal conclusion for two reasons.
First, the defendant was ordered to attend this substance abuse program as a special condition to her probation. Upon admission, the defendant signed two consent forms, specifically authorizing the program to disclose "attendance, participation and urine surveillance results information" to the Department of Corrections and the court. Thus, the defendant waived the confidentiality afforded by the statute and regulations.
Second, the trial court's reluctance to allow the State to use that information appeared to stem from the prohibition against using the information for a criminal prosecution. This court however has previously recognized the
clear distinction[ ] between a criminal trial and a violation of probation proceeding. A probation revocation hearing is more informal, the charging affidavit need not comply with the requirements indictments and information [sic] must meet, the strict rules of evidence can be deviated from, and the admission of hearsay is not error. Furthermore, there is a lesser burden of proof because only the conscience of the court must be satisfied.
Morning v. State, 416 So.2d 844, 845 (Fla. 4th DCA 1982) (quoting Cuciak v. State, 410 So.2d 916, 918 (Fla.1982)). "A violation of probation giving rise to revocation proceedings is not in itself a crime or offense as those terms are defined by the Penal Law." People v. Silkworth, 142 Misc.2d 752, 758, 538 N.Y.S.2d 692, 697 (N.Y.Crim.Ct.1989).[2] For these reasons, we reverse the order of suppression and remand the case to the trial court for further proceedings.
Reversed and remanded.
STONE and STEVENSON, JJ., concur.
NOTES
[1] The release forms consisted of a "Release and Information" authorizing the program to release "Periodic reports of current treatment progress, including attendance, participation and urine surveillance results" and "Legal Matters" for the following purpose: "to coordinate legal needs" to the Department of Corrections. The second form, titled "Consent for Services," included a "Urinalysis" section and provided that the defendant understood that the results of urine and/or breath tests would be released to the court.
[2] A third basis for the disclosure of the records can be found in 42 C.F.R. § 2.35 (2007), which provides:

(a) A program may disclose information about a patient to those persons within the criminal justice system which have made participation in the program a condition of the disposition of any criminal proceedings against the patient or of the patient's parole or other release from custody if:
(1) The disclosure is made only to those individuals within the criminal justice system who have a need for the information in connection with their duty to monitor the patient's progress (e.g. a prosecuting attorney who is withholding charges against the patient, a court granting pretrial or posttrial release, probation or parole officers responsible for supervision of the patient); and
(2) The patient has signed a written consent meeting the requirements of § 2.31 (except paragraph (a)(8) which is inconsistent with the revocation provisions of paragraph (c) of this section) and the requirements of paragraph (b) and (c) of this section.
Subsection (d) states that the person who receives the patient information under this subsection "may redisclose and use it only to carry out that person's official duties with regard to the patient's conditional release or other action in connection with which the consent was given." 42 C.F.R. § 2.35(d). Unfortunately, the State failed to call the trial court's attention to this provision of the Code.