SILBERMAN, Judge.
The State seeks review of the order dismissing an affidavit of violation of probation which was entered after the trial court granted Roy A. Garcia’s motion to suppress. The State argues that the court erred in granting the motion to suppress because Garcia’s act of engaging in headlong flight in a high-crime area gave the police a valid basis for stopping him. We agree and reverse.
The evidence established that the police went to an address in a high-crime area to pick up a man named Levens based on a probable cause pick-up order. Before the Sheriffs van arrived at the address, a deputy conducted surveillance there. He observed Levens and Garcia approach a vehicle and exchange indiscernible objects in a hand-to-hand transaction. The Sheriffs van arrived at the address shortly thereafter. At this time, Levens was standing in the driveway talking to Garcia.
The police exited the van wearing “Sheriff’ vests and yelled “Sheriffs Office.” Le-vens immediately surrendered, but Garcia turned tail and ran. The officers gave chase, yelling for- Garcia to stop, but he kept “running just as fast as he could.” As he was running, Garcia discarded an object. Garcia was tackled, and another object fell from his pocket during the struggle. Police thereafter located several baggies containing cocaine in the immediate area.
In granting the motion to suppress, the trial court concluded that the police did not have a valid basis for stopping Garcia. However, the police were justified in stopping Garcia because his unprovoked, head *420 long flight in a high-crime area provided a reasonable suspicion of criminal activity. See C.E.L. v. State, 24 So.3d 1181, 1185 (Fla.2009) (citing Illinois v. Wardlow, 528 U.S. 119, 124-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). In fact, the police had probable cause to arrest Garcia for resisting or obstructing an officer without violence based on his failure to cease his headlong flight in response to the officers’ directions for him to do so. See C.E.L., 24 So.3d at 1189 (holding that a defendant’s “continued flight in knowing defiance of the officer’s lawful order to stop constituted the offense of obstructing without violence”).
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ, Concur.