NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CORY McCLAIN,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D16-1494
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Respondent.⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed October 14, 2016.

Petition for Writ of Certiorari to the
Circuit Court for the Tenth Judicial Circuit
for Polk County; sitting in its appellate
capacity.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Respondent.

LaROSE, Judge.

⠀⠀⠀⠀⠀⠀Cory McClain petitions for certiorari review of the circuit court's order

affirming his county court conviction for resisting an officer without violence. We have

jurisdiction. See Fla. R. App. P. 9.030(b)(2)(B). Because the circuit court departed from

the essential requirements of law, we grant the petition.

At trial, the arresting officer testified that he was patrolling in his unmarked car around eight o'clock at night in a predominantly black neighborhood. He heard a radio dispatch call about a disturbance nearby. He drove toward the site, looking for someone who fit the general description of the suspect, a black male. About a block from the area of the reported disturbance, the officer saw Mr. McClain, a black male, outside a duplex. The officer pulled over to the curb, opened the car door, and started getting out of the vehicle. When Mr. McClain saw him, he ran a few feet from the side of the building into the duplex that belonged to his grandmother. The officer did not order Mr. McClain to stop. He testified that "[b]y the time [he] was getting out of the vehicle [Mr. McClain] was already inside the house closing the door."

The officer went to the front door and called for backup. Responding officers surrounded the house, knocked on doors and windows, identified themselves as police officers, and asked the occupants to exit. Mr. McClain came out several minutes later. The officer arrested Mr. McClain because the officer was conducting an investigation and Mr. McClain "took flight" upon the officer's presence. See § 843.02, Fla. Stat. (2010).

The jury convicted Mr. McClain. The circuit court affirmed the county court conviction. Mr. McClain now argues that the circuit court departed from the essential requirements of law by holding that flight from the police is, by itself, sufficient to support a resisting-an-officer-without-violence charge. Although Mr. McClain oversimplifies the circuit court's holding, we agree that he is entitled to relief.

Our discretion to grant certiorari review of an opinion by the circuit court sitting in its appellate capacity affirming an order "rendered by the county court after a

full hearing or trial" is restricted to errors that "depart from the essential requirements of law." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 722 (Fla. 2012). We exercise this discretion "only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 96 (Fla. 1983).

The State had to prove that (1) the officer was engaged in the lawful execution of a legal duty and (2) Mr. McClain obstructed the exercise of that duty. See C.E.L. v. State, 24 So. 3d 1181, 1185-86 (Fla. 2009). To prove that the officer was engaged in the lawful execution of a legal duty, the State had to show that the officer had a reasonable suspicion of criminal activity—"a reasonable suspicion that [Mr. McClain] ha[d] committed, [was] committing, or [was] about to commit a crime." Popple v. State, 626 So. 2d 185, 186 (Fla. 1993).

A person's unprovoked flight from officers in a high-crime area supports a reasonable suspicion that the person is involved in criminal activity so as to justify an investigatory stop. Illinois v. Wardlow, 528 U.S. 119, 125 (2000). In such a case, "continued flight in knowing defiance of the officer's lawful order to stop constitute[s] the offense of obstructing without violence." C.E.L., 24 So. 3d at 1189; see State v. Garcia, 126 So. 3d 419, 419-20 (Fla. 2d DCA 2013). Thus, Wardlow allows the use of the high-crime-area factor, combined with "unprovoked flight," to create a reasonable suspicion of criminal activity. The circuit court's order explains that

> the jury heard no evidence about the nature of [Mr. McClain's] neighborhood. On the other hand our case does present one additional factor not present in Wardlow or C.E.L., which is that the police were investigating some reported incident in the same vicinity rather than patrolling randomly.

- 3 -

Obviously, the circuit court found the investigation of a nearby disturbance compelling, although the record shows no link between Mr. McClain and that disturbance. Relying on the investigation, the circuit court opined that "presence in a high-crime area is not the only factor that may justify an investigatory stop when combined with flight." See Parker v. State, 18 So. 3d 555, 558 (Fla. 1st DCA 2008). As an example, the circuit court cited N.H. v. State, 890 So. 2d 514 (Fla. 3d DCA 2005), where the Third District affirmed N.H.'s conviction for resisting an officer without violence. The court held that "[t]he officers' decision to stop and question N.H. was entirely reasonable and lawful under the circumstances" because "the officers had a reasonable suspicion that criminal activity was afoot" after "three police officers saw an individual running away from a location where the officers had just heard a woman's loud scream." Id. at 516.

In N.H., the officers demonstrated some link between the scream and the flight. But, in Davis v. State, 973 So. 2d 1277, 1279 (Fla. 2d DCA 2008), we held that to convict someone for resisting an officer without violence, the officer's information must be more specific than a mere report of a "suspicious incident." "Without information regarding the nature of the complaint the officers were investigating, there was no way to determine whether the officers were engaged in the lawful execution of a legal duty when they detained Davis to investigate the complaint." Id.

Similarly, in A.R. v. State, 127 So. 3d 650, 652 (Fla. 4th DCA 2013), the Fourth District held that "the arresting officers' bare assertion that they were 'investigating a possible crime' did not establish reasonable suspicion or probable cause to detain appellant[;] [t]hus, the [S]tate failed to establish that the officers were acting in

- 4 -

the execution of a legal process or duty—an essential element of resisting without violence." As the Fourth District aptly noted, there is a distinction between a police officer's lawful execution of a legal duty and "a police officer who is merely on the job." Id. at 654. The court observed that the only evidence the State offered was that A.R. "was at a playground in the middle of the afternoon and fled in the presence of officers who were also at the playground investigating a 'possible crime.' " Id. at 655. "Without information regarding the nature of the incident and how [A.R.] may have been involved, there was no way to determine whether the officers were engaged in the lawful execution of a legal duty when they detained him." Id. (citing Davis, 973 So. 2d at 1279). The Fourth District rejected the position taken by the circuit court, here, when it added, "[w]e decline the [S]tate's invitation to extend Wardlow and find that reasonable suspicion exists any time flight occurs while the police are investigating a 'possible' crime, even if the flight does not occur in a high crime area." Id. at 655 n.3.

The facts, here, are like those in Davis and A.R. The circuit court concluded that although there was no evidence that the neighborhood was a high-crime area, Mr. McClain's "flight" from the officer when the officer arrived provided reasonable suspicion to conduct an investigatory stop. Like the "possible crime" police were investigating in A.R., the officer, here, was investigating a reported "incident" or "disturbance." The State failed to produce information regarding the incident and how Mr. McClain might have been involved. Therefore, the State failed to prove that the officer was lawfully executing a legal duty when Mr. McClain ran into his grandmother's duplex.

Even if the State had introduced some link between the reported disturbance and Mr. McClain, to establish obstruction, the State still would have to show "continued flight in knowing defiance of the officer's lawful order to stop . . . ." C.E.L., 24 So. 3d at 1189 (Fla. 2009); see Garcia, 126 So. 3d at 419-20. The circuit court recognized that the officer did not have time to tell Mr. McClain to stop. Yet, the circuit court concluded that Mr. McClain's "refusal to exit the house is the functional equivalent of leading the police on a foot chase."

The circuit court attempted, post hoc, to create an unlawful flight after Mr. McClain retreated, as was his right, to the sanctuary of his grandmother's duplex. See A.R., 127 So. 3d at 654-55 ("When an individual runs away from officers who lack the authority to stop and detain him, that individual is not unlawfully opposing or obstructing officers in the lawful execution of a legal duty."). By finding that "[McClain's] delay in answering the door was unreasonable," the circuit court seemingly concluded that Mr. McClain was fleeing by remaining in the duplex. Mr. McClain never engaged in flight that would give rise to a resisting without violence charge. There was no command to stop. The circuit court too easily concluded that Mr. McClain "continued flight in knowing defiance of the officer's lawful order to stop." See C.E.L., 24 So. 3d at 1189; Garcia, 126 So. 3d at 419-20.

We grant the petition for certiorari, quash the circuit court's order, and remand for further proceedings consistent with this opinion.

Petition for certiorari granted; order quashed; case remanded for further proceedings.

NORTHCUTT and CRENSHAW, JJ., Concur.