NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,⁣⁣ )
⁣⁣ )
      Appellant,⁣⁣ )
⁣⁣ )
v.⁣⁣ )⁣⁣⁣⁣Case No. 2D16-3289
⁣⁣ )
DESTINEY LEE BEERY,⁣⁣ )
⁣⁣ )
      Appellee.⁣⁣ )
_____ )

Opinion filed March 14, 2018.

Appeal from the Circuit Court for Manatee
County; Hunter W. Carroll, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellant.

Peter Lombardo of Law Office of Peter
Lombardo, Bradenton, for Appellee.


SALARIO, Judge.

      The State appeals from an order granting Destiney Beery's motion to

dismiss an affidavit of violation of probation pursuant to Florida Rule of Criminal

Procedure 3.190. Ms. Beery argued that her probationary period had expired at the

time of the alleged violation. The State argued that because Ms. Beery had absconded

from probation, her probationary period had been tolled pursuant to section 948.06(1)(f), Florida Statutes. The trial court agreed with Ms. Beery. We reverse.

Section 948.06(1)(f), Florida Statutes (2012), provides, as relevant here, that "[u]pon the filing of an affidavit alleging a violation of probation . . . and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation." The trial court held that for a period of probation to be tolled under this language, an arrest warrant must first be issued under section 901.02, Florida Statutes. Because that had not happened in this case, the trial court reasoned, the probationary period had not been tolled. The trial court ruled this way because it believed it was bound by the Fourth District's decision in Mobley v. State, 197 So. 3d 572, 573-74 (Fla. 4th DCA 2016), review denied, No. SC16-936, 2016 WL 3149708 (Fla. Jun. 6, 2016).[1] In Mobley, the Fourth District held that the text of "[s]ection 948.06(1)(f) is clear that a warrant under section 901.02 is required in order for the probationary period to be tolled," except in the case of a warrantless arrest or a notice to appear under the statute. Id. at 574.

The Fourth District has since held that when a defendant absconds from probation, an exception to its holding in Mobley is triggered, and no warrant is required to toll the probationary period in that circumstance. See Williams v. State, 202 So. 3d

---

[1]Mobley addressed the 2012 version of section 948.06. The language of that statute has since been amended, but that amended language is not at issue in this appeal. See State v. Wheeler, 224 So. 3d 852 (Fla. 1st DCA 2017). Ms. Beery has not stated which version of section 948.06 she believes applies in this case. By citing to subsection (1)(f), she appears to refer to the 2012 version. The same provision that appeared in subsection (1)(f) of the 2012 statute appeared in subsection (1)(d) of the 2009 version, which was the version in effect at the time of her alleged violation.

917, 920-21 (Fla. 4th DCA 2016); see also State v. Hicks, 214 So. 3d 701, 701 (Fla. 4th DCA 2017) (applying Williams in a similar holding).  The trial court was without the benefit of these cases at the time it entered its dismissal order.  They are, however, in keeping with our own cases, which also recognize that a period of probation is tolled from the time a probationer absconds until such time as he or she returns to probationary supervision.  See, e.g., Williams v. State, 529 So. 2d 366, 367 (Fla. 2d DCA 1988) ("[W]hen a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision."); see also Francois v. State, 695 So. 2d 695, 697 (Fla. 1997) ("One who absconds from supervision is no longer under the controlling arm of the state."); Zaborowski v. State, 126 So. 3d 405, 406, n.1 (Fla. 2d DCA 2013) (finding a lack of tolling under the particular version of the statute then in effect in part because "[t]here [was] no indication that Zaborowski was considered to be an absconder at the time of the alleged violations in 1994 or during any period during his untolled probationary term").

Accordingly, we reverse the order of dismissal and remand to the trial court for consideration of whether Ms. Beery's probation was tolled based on any allegations in the affidavit of probation that she absconded from her probation.  See Hicks, 214 So. 3d at 701-02 ("Accordingly, we reverse and remand to the trial court to determine under the totality of the circumstances if Appellee did in fact abscond from probationary supervision.  If the trial court finds that Appellee did abscond, then Appellee's probationary period was tolled until he was arrested and the trial court would have jurisdiction to consider the VOP warrant and any amendments to it.").

Reversed and remanded.

NORTHCUTT and KHOUZAM, JJ., Concur.