DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

CHRISTOPHER LOUIS BRADY,

Appellee.

No. 2D2025-0390

_____

May 6, 2026

Appeal from the Circuit Court for Manatee County; Frederick P.
Mercurio, Judge.

James Uthmeier, Attorney General, Tallahassee, and Alicia M.
Winterkorn, Assistant Attorney General, Tampa, for Appellant.

Andrea Flynn Mogensen of The Law Office of Andrea Flynn Mogensen,
P.A., Sarasota, for Appellee.


BLACK, Judge.

The State appeals from the order granting the motion to suppress
filed by Christopher Louis Brady in his violation of probation proceeding.

Because this court lacks jurisdiction to review the order, we dismiss this appeal.[1]

In April 2024 an officer initiated a traffic stop for failing to obey a traffic control device in violation of sections 316.074(1) and 316.089(4), Florida Statutes (2023). Brady was the driver and sole occupant of the vehicle. While speaking with Brady about the reason for the stop, the officer saw that Brady was attempting to conceal a bag of marijuana. The officer then searched the vehicle, resulting in Brady's arrest on two drug offenses. No citations were issued for the traffic violations.

At the time of the traffic stop, Brady was serving the probation term of his sentences on a 2018 judgment. An affidavit of violation of probation was filed in the 2018 case, alleging new law violations and use or possession of drugs or narcotics.

Brady filed a motion seeking to suppress all evidence found following the stop of his vehicle. He alleged that the traffic stop was invalid, citing decisional law holding that the failure to maintain a single lane or to signal the change of lanes is a traffic violation only if another vehicle is affected or the change of lanes is not done safely. *See, e.g.*, *State v. Riley*, 638 So. 2d 507 (Fla. 1994); *Crooks v. State*, 710 So. 2d 1041 (Fla. 2d DCA 1998). A hearing on the motion to suppress was held in February 2025, and the trial court found that there was no evidence that Brady's actions were not done safely. The court found the stop unlawful and suppressed all evidence seized as a result of the stop.

Following the court's oral ruling, defense counsel inquired whether the court was "prepared at this point to dismiss and put [Brady] back on probation." The court stated it was not prepared to do that until after

---

[1] Brady filed a motion to dismiss the appeal which is rendered moot by this opinion.

2

the order had been signed and the State decided whether to appeal. The court reiterated that the violation of probation hearing was scheduled for the next month: "[I]f there's no other basis for the VOP, with my suppressing the evidence, the[] [State] would not have anything to [move] forward on. So I would hope that the[] [State] would voluntarily dismiss the VOP. But if not, you can raise that at or before the March 17th hearing." The order granting the motion to suppress likewise does not dismiss the affidavit charging a violation of probation.

The State asserts that this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A), providing that the State may appeal from orders "*dismissing* an affidavit charging . . . the violation of probation." (Emphasis added.) *See also* § 924.07(1)(a), Fla. Stat. (2024) ("The [S]tate may appeal from . . . [a]n order . . . dismissing an affidavit charging . . . the violation of probation . . . ."). Rule 9.140(c)(1)(P) similarly permits the State to appeal from orders "as otherwise provided by general law for *final orders*." (Emphasis added.) However, in granting Brady's motion to suppress the trial court did not dismiss the affidavit charging the violation of probation, and judicial labor remains such that the order is not final. *See State v. Gaines*, 770 So. 2d 1221, 1224 (Fla. 2000) ("[A]n order or ruling suppressing evidence at trial is a non-final order because judicial labor is still required to effectuate a termination of the case."), *superseded by statute on other grounds*, § 90.104(1)(b), Fla. Stat. (2003); *cf. State v. Beery*, 244 So. 3d 339, 341 (Fla. 2d DCA 2018) (reversing the final order of dismissal in a violation of probation proceeding); *State v. Garcia*, 126 So. 3d 419, 419 (Fla. 2d DCA 2013) (reversing the final order dismissing affidavit of violation of probation); *State v. Green*, 667 So. 2d 959, 961 (Fla. 2d DCA 1996) (reversing dismissal of affidavit of violation of probation); *State v.*

*N.F.*, 924 So. 2d 912, 913 (Fla. 5th DCA 2006) (concluding that order on review was a final order ending judicial labor where "the court stated that the [petition for revocation of probation] was constitutionally defective, and 'so that's dismissed and we don't need the kid' ").

The State alternatively asserts that this court has jurisdiction pursuant to rule 9.140(c)(1)(B), authorizing the State to appeal from orders "suppressing before trial confessions, admissions, or evidence obtained by search and seizure."  We cannot agree.

Our approach to interpreting a rule of criminal procedure is no different than our approach to statutory interpretation.  *See State v. Rosario*, 303 So. 3d 555, 560 (Fla. 5th DCA 2020).  The Florida Supreme Court has held "that [it] alone has the power to define the scope of interlocutory appeals," including interlocutory appeals by the State. *Gaines*, 770 So. 2d at 1225 (citing art. V, § 4(b)(1), Fla. Const.).  "[W]e should declare words that the Florida Supreme Court has chosen when establishing rules of procedure to mean exactly what those words usually mean . . . ."  *Rosario*, 303 So. 3d at 560.

The language of the rule is specific to suppression "before trial." Fla. R. App. P. 9.140(c)(1)(B).  Giving effect to that language, the supreme court has held that the "procedural rules do not provide authority for the State to appeal an order granting a motion to suppress *during trial*," contrasting rule 9.140(c)(1)(B), "which authorizes appeals of trial court orders suppressing evidence *before trial*."  *Gaines*, 770 So. 2d at 1225 (first emphasis added).

"[T]here cannot be the imposition of probation without a formal determination of guilt," whether through plea or trial.  *Maxwell v. State*, 383 So. 3d 892, 896 (Fla. 1st DCA 2024); *see also* § 948.01(1), Fla. Stat. (2024) (authorizing probation as an alternative sentencing disposition for

4

"a defendant in a criminal case, except for an offense punishable by death, who has been found guilty by the verdict of a jury, has entered a plea of guilty or a plea of nolo contendere, or has been found guilty by the court trying the case without a jury"); § 921.187(1), Fla. Stat. (2024) (authorizing probation as a component of sentencing "alternatives provided in this section for the disposition of criminal cases"); Fla. R. Crim. P. 3.790(a) (treating probation as part of sentencing). Stated differently, "[b]y the time a defendant finds himself on probation in a criminal case, there no longer is a dispute over his guilt, so nothing left to plead to" or proceed to trial on. *Maxwell*, 383 So. 3d at 896.

The "terminology in the [violation of probation] context is commensurate with where in the criminal process probation falls." *Id.* Section 948.06(2)(c) provides that if a probationer does not admit to the violation of probation "the court may commit him or her or release him or her with or without bail to await further hearing." The statute further specifies that "[a]fter such hearing, the court may revoke, modify, or continue the probation." § 948.06(2)(e). There is no trial in the probation violation context, and therefore there is no order "suppressing before trial confessions, admissions, or evidence obtained by search and seizure." *See* Fla. R. App. P. 9.140(c)(1)(B); *Maxwell*, 383 So. 3d at 896; *see also Burns v. United States*, 287 U.S. 216, 222 (1932) ("The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges."); *Singletary v. State*, 290 So. 2d 116, 121 (Fla. 4th DCA 1974) ("As a revocation hearing is not a trial, the trial judge has greater discretion . . . ."). This court lacks jurisdiction to review an interlocutory order granting suppression in a violation of probation proceeding.

5

We are aware of at least two cases wherein an appellate court purports to review the State's appeal from an order granting suppression in a violation of probation proceeding. *See State v. Phillips*, 266 So. 3d 873, 875 (Fla. 5th DCA 2019); *State v. Rudy*, 974 So. 2d 1164, 1165 (Fla. 4th DCA 2008). However, neither opinion provides whether the respective affidavit of violation of probation was dismissed as a result of the order granting suppression, thereby giving the appellate court jurisdiction pursuant to rule 9.140(c)(1)(A).

An order granting a motion to suppress in a violation of probation proceeding but not dismissing the affidavit of violation of probation is not an appealable order.[2] Accordingly, this court lacks jurisdiction, and we dismiss this appeal.

Dismissed.

SILBERMAN and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[2] The nonfinal order granting suppression is not reviewable by certiorari because the State has the right to appeal an order dismissing an affidavit of violation of probation as the result of suppression of evidence or following hearing and thus is not materially injured and without adequate remedy on direct appeal. *See* Fla. R. App. P. 9.140(c)(1)(A); *cf. State v. Johnson*, 196 So. 3d 585, 587 (Fla. 5th DCA 2016) ("Certiorari review [of nonfinal pretrial orders that exclude critical evidence] is appropriate . . . because the State has no right to a direct appeal in the event a defendant is thereafter acquitted." (citing *State v. Gerry*, 855 So. 2d 157, 159 (Fla. 5th DCA 2003))).